**LAW OFFICES OF BRYAN W. PEASE**
Bryan W. Pease (SBN 239139)
302 Washington St. #404
San Diego, CA 92103
Ph. (619) 723-0369
Email: bryan@bryanpease.com

**LAW OFFICES OF JOHN T. MAHER**
John T. Maher (NYS Bar No. 2357408)
105 E 122nd St.
New York, NY 10035
Ph. (646) 675-8909
Email: johntmaher@yahoo.com
*Pro hac vice* application pending

Attorneys for Plaintiff
PETCONNECT RESCUE, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETCONNECT RESCUE, INC., a Maryland corporation, | Case No. **'20 CV 0527 H    KSC** |
| Plaintiff, | **VERIFIED COMPLAINT** |
| v. | **TEMPORARY RESTRAINING ORDER REQUESTED** |
| DAVID SALINAS, an individual; VERONICA SALINAS, an individual; RICHARD ROBLES PENA, an individual; THE PUPPY STORE, LLC, a Wyoming limited liability company; YELLOW STORE ENTERPRISES, LLC, a Wyoming limited liability company; SOCAL PUPPY ADOPTIONS, INC., a California corporation; PET | |

1

CONNECT RESCUE, INC., a )
Missouri corporation; ALYSIA )
ROTHMAN, an individual; RAY )
ROTHMAN, an individual; JASE )
DEMETRIUS SHAMORE, an )
individual; CRITTERS AND )
PETS/FURRY AND FEATHER, LLC, )
a California limited liability company; )
RICKIE GALLARDO, an individual; )
360 CLEAN N GO, LLC, a California )
limited liability company; and DOES )
1-10, )
 )
                    Defendants. )
_____ )

Plaintiff PETCONNECT RESCUE, INC., a Maryland corporation, alleges as follows against Defendants DAVID SALINAS, an individual; VERONICA SALINAS, an individual; RICHARD ROBLES PENA, an individual; THE PUPPY STORE, LLC, a Wyoming limited liability company; YELLOW STORE ENTERPRISES, LLC, a Wyoming limited liability company; SOCAL PUPPY ADOPTIONS, INC., a California corporation; PET CONNECT RESCUE, INC., a Missouri corporation; ALYSIA ROTHMAN, an individual; RAY ROTHMAN, an individual; JASE D. SHAMORE, an individual; CRITTERS AND PETS/FURRY AND FEATHER, LLC, a California limited liability company; RICKIE GALLARDO, an individual; 360 CLEAN N GO, LLC, a California limited liability company and DOES 1-10:

## INTRODUCTION

1. Defendants are operating an illegal puppy mill operation, fraudulently labeling mass produced puppies from commercial breeders in Missouri as "rescues," taking them from their mothers at eight weeks of age or younger, and shipping them across the country by the truckload to be sold in pet stores in California, in order to evade a 2019 law banning the retail sale of non-

2

**VERIFIED COMPLAINT**

rescue dogs in pet stores. (Cal. Health & Safety Code § 122354.5)

2.     Defendants DAVID SALINAS and VERONICA SALINAS (the "SALINASES"), RICHARD ROBLES PENA, ALYSIA ROTHMAN and RAY ROTHMAN (the "ROTHMANS"), JASE DEMETRIUS SHAMORE, and RICKIE GALLARDO are well known puppy mill dealers and con artists who, through their shell corporations, have set up various schemes to continue profiting from the illegal sale of puppy mill puppies in California after enactment of a 2019 law banning this despicable practice.

3.     **Despite the California Governor's emergency order of March 19, 2019 to "stay at home" except for essential services, the SALINAS/PENA and SHAMORE stores are still open for business as of this filing as confirmed by calling them, which is putting the public at risk as well as continuing to defraud consumers into believing they are supporting "rescues" during this difficult time by buying a puppy.** The SALINAS stores in California are Broadway Puppies (Escondido), Pups & Pets (Santee), Hello Puppies (Temecula), and The Fancy Puppy (Corona). The SHAMORE stores are Villaggio Family Pets and Town Puppies, both in Temecula. It is unknown at this time if the GALLARDO store, Puppy World in Montebello, is staying open despite the emergency order, as a phone number for the store cannot be located.

4.     The stores are further putting the public at extra risk during this pandemic, through the risk of spreading multidrug resistant *Campylobacter* infections linked to contact with pet store puppies. (Center for Disease Control and Prevention, https://www.cdc.gov/campylobacter/outbreaks/puppies-12-19/index.html, last visited March 20, 2020.)

5.     The ROTHMANS are known puppy mill dealers in Missouri who have set up a fake nonprofit, PET CONNECT RESCUE, INC., with a deliberately misleading name that is exactly the same as Plaintiff's name, except there is a space between "PET" and "CONNECT" in the Defendant's name.

**VERIFIED COMPLAINT**

6.  The sole purpose of the fake PET CONECT RESCUE, INC. is to continue supplying puppy mill puppies to the SALINASES, ROBLES, SHAMONE, GALLARDO, and other notorious puppy mill dealers, who fraudulently label the puppies "rescues" in order to evade laws prohibiting the sale of non-rescue dogs in pet stores, and to deceive the public into believing they are supporting animal rescues such as Plaintiff, when they pay thousands of dollars each for one of the purebred and designer puppies sold by Defendants, financed through lending companies Defendants make available for that purpose and to facilitate impulse buys.

7.  Defendant DAVID SALINAS is currently under a preliminary injunction issued by the San Diego Superior Court on behalf of different plaintiffs, enjoining him from selling puppies at one of his stores, National City Puppy. (*Animal Protection and Rescue League v. Salinas*, San Diego Superior Court Case No. 37-2019-00065377-CU-BT-CTL.) A hearing was set for March 27, 2020 before Hon. Eddie Sturgeon to take witness testimony and issue a preliminary injunction against the two other SALINAS stores in San Diego County (Broadway Puppies and Pups & Pets), but that hearing has now been continued indefinitely due to the state court shutdown.

8.  Another preliminary injunction has also been issued by Hon. Ronald Styn on behalf of different plaintiffs against another pet store, Bark Avenue Pets in Escondido, which was running the same illegal scheme using another fake rescue called "Bark Adoptions." Bark Avenue Pets has since shut down as a result of the preliminary injunction. (*Animal Protection and Rescue League v. Ramirez*, San Diego Superior Court Case No. 37-2019-00062397-CU-MC-CTL.)

9.  In the face of the COVID-19 public health emergency, Defendants are continuing to take advantage of an unsuspecting public, and defrauding consumers into believing they are supporting animal rescue during this crisis by purchasing puppies from Defendants' stores.

**VERIFIED COMPLAINT**

10.     Plaintiff seeks an immediate temporary restraining order, preliminary injunction, and permanent injunction to stop Defendants from continuing to perpetrate their fraud and animal abuse.

11.     Defendants have been provided notice, and Plaintiff will file an ex parte application for temporary restraining order and supporting evidence shortly after filing this Verified Complaint.

**PARTIES**

12.     Plaintiff PETCONNECT RESCUE, INC. is a Maryland nonprofit corporation founded in the wake of Hurricane Katrina in 2005 to rescue and place animals in loving homes, a mission which has continued to this day. In 2019 alone, Plaintiff rescued 577 cats and 741 dogs.

13.     On information or belief, Defendant DAVID SALINAS is an individual residing in Utah.

14.     On information or belief, Defendant VERONICA SALINAS is an individual residing in Utah.

15.     On information or belief, Defendant RICHARD ROBLES PENA is an individual residing in San Diego County, California.

16.     On information or belief, Defendant ALYSIA ROTHMAN is an individual residing in Missouri.

17.     On information or belief, Defendant RAY ROTHMAN is an individual residing in Missouri.

18.     On information or belief, Defendant THE PUPPY STORE, LLC is a Wyoming limited liability company owned by the SALINASES.

19.     On information or belief, Defendant YELLOW STORE ENTERPRISES, LLC is a Wyoming limited liability company owned by the SALINASES.

20.     On information or belief, Defendant SOCAL PUPPY ADOPTIONS, INC. is a California corporation that is the alter ego of DAVID SALINAS,

5

VERONICA SALINAS, and RICHARD ROBLES PENA.

21.   On information or belief, Defendant JASE DEMETRIUS SHAMORE ("SHAMORE") is an individual residing in Riverside County.

22.   On information or belief, Defendant CRITTERS AND PETS/FURRY AND FEATHER, LLC is a California limited liability company owned by SHAMONE.

23.   On information or belief, Defendant RICKIE GALLARDO ("GALLARDO") is an individual residing in Los Angeles County.,

24.   On information or belief, Defendant 360 CLEAN N GO, LLC is a California limited liability company owned by GALLARDO.

25.   The names and capacities of DOES 1-10 are unknown to Plaintiff at this time, who therefore sues these fictitiously named Doe Defendants as DOES 1-10. Plaintiff will seek leave to amend its complaint to add the names and capacities of these fictitiously named Doe Defendants when they are ascertained. On information or belief, each fictitiously named Doe Defendant is responsible in some manner for the harm alleged herein and was at all relevant times acting as the agent of each other Defendant.

## JURISDICTION AND VENUE

26.   This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000 based on the profits Defendants will lose if an injunction is granted.

27.   Venue is proper in this district because some Defendants reside in this district, and all Defendants conduct substantial business operations in this district, including THE PUPPY STORE, LLC, YELLOW STORE ENTERPRISES, LLC, and the SALINASES owning and operating puppy stores in this district, with PET CONNECT RESCUE, INC. and the ROTHMANS supplying puppies into this district to be sold in these stores.

6

**FACTUAL ALLEGATIONS**

28.    The SALINASES, through THE PUPPY STORE, LLC, own several puppy stores throughout the country, including in Nevada and California ("SALINAS stores.")

29.    Currently operating SALINAS stores in California include Hello Puppies in Temecula, The Fancy Puppy in Corona, Broadway Puppies in Escondido, and Pups & Pets in Santee.

30.    RICHARD ROBLES PENA is the general manager for all of the SALINAS stores.

31.    GALLARDO owns a puppy store called "Puppy World" in Montebello through his LLC, 360 CLEAN N GO, LLC.

32.    SHAMORE owns puppy stores "Villaggio Family Pets" and "Town Puppies," both in Temecula, through his LLC, CRITTERS AND PETS/FURRY AND FEATHER, LLC.

33.    On information or belief, the puppies sold in each of these stores are all supplied by the ROTHMANS from puppy mills in the Midwest, where mother dogs are kept in tiny wire cages in giant, windowless sheds for their entire lives, forced to deliver puppies every heat cycle, and never see the light of day.

34.    The ROTHMANS have set up the fake PET CONNECT RESCUE, INC. to launder puppies from puppy mills, falsely labeling them as "rescues" so that con artists such as the SALINASES, PENA, SHAMORE, and GALLARDO can continue illegally selling these puppy mill puppies in their pet stores for the profit of all Defendants.

35.    On information and belief, due to California shelters being aware that Defendant PET CONNECT RESCUE, INC. is a fake rescue and refusing to enter into a cooperative agreement with it, and two San Diego Superior Court judges ruling that cooperative agreements with rescues outside of California are not made pursuant to the Food & Agriculture Code and are therefore not compliant with the

7

language of Health & Safety Code § 122354.5, Defendants are in the process of adding another layer to the deception, by transferring puppies on paper to SOCAL PUPPY ADOPTIONS, INC., so that puppies being sold in the stores will no longer be labeled as coming directly from PET CONNECT RESCUE, INC.

36.     All Defendants are aware of and participants in this illegal puppy laundering scheme that they specifically set up to evade California law.

37.     Because the ROTHMANS' fake PET CONNECT RESCUE, INC. has no physical location or contact info, consumers purchasing sick puppies from puppy mills from Defendants often end up calling Plaintiff to ask about the source of the puppies. In many cases, employees at stores owned by Defendants have even directly given out Plaintiff's phone number and website to consumers who ask where the puppies came from, when in fact the puppies came from the ROTHMANS' fake PET CONNECT RESCUE, INC.

38.     The actions of Defendants, and each of them, have caused diversion of significant organizational resources and cost Plaintiff economically due to staff time needing to be utilized explaining to consumers that the puppies being sold by Defendants are from puppy mills, not from an animal rescue, and that they are certainly not from Plaintiff's animal rescue organization.

## STATUTORY FRAMEWORK

39.     California's Unfair Competition Law ("UCL"), Business & Professions Code sections 17200 *et seq*., prohibits businesses from engaging in unlawful, fraudulent, or unfair business practices.

40.     An action based on Section 17200 to redress an unlawful business practice borrows violations of other laws and treats them as a violation of Section 17200. In other words, a business practice is "unlawful" under Section 17200 when it violates another federal, state or local law. The violated law that serves as a basis for a UCL claim is referred to as a "predicate" law.

41.     Business and Professions Code § 17203 allows any party who has

lost money or property as a result of unlawful, fraudulent, or unfair business practices to ask a court to enjoin such practices.

42.   Through their unlawful, fraudulent, and unfair business practices, Defendants, and each of them, have forced Plaintiff to divert its limited organizational resources, including staff time, to responding to members of the public who were deceived by Defendants, and each of them, into believing puppies sold by Defendants are "rescue puppies" that were obtained through Plaintiff.

43.   Defendants' unlawful, fraudulent, and unfair puppy laundering scheme as detailed in this complaint both frustrates Plaintiff's core mission of rescuing animals and impedes the organization's ability to expend valuable time and resources to promote its mission to further animal protection.

44.   As a party "who has suffered injury in fact and has lost money or property as a result of ...unfair competition," Plaintiff has standing under Business and Professions Code section 17204 to enjoin Defendants' unlawful conduct.

# FIRST CAUSE OF ACTION

## (Unfair Business Practices)

45.   Plaintiff realleges and incorporates by reference all previous allegations as is fully set forth herein.

46.   California Health & Safety Code § 122354.5(a) provides:

A pet store operator shall not sell a live dog, cat, or rabbit in a pet store unless the dog, cat, or rabbit was obtained from a public animal control agency or shelter, society for the prevention of cruelty to animals shelter, humane society shelter, or rescue group that is in a cooperative agreement with at least one private or public shelter pursuant to Section 31108, 31752, or 31753 of the Food and Agricultural Code.

47.   Subsection (f) provides:

9

For purposes of this section, a "rescue group" is an organization that is tax exempt under Section 501(c)(3) of the Internal Revenue Code, and that does not obtain animals from breeders or brokers for compensation.

48.    On information or belief, Defendant PET CONNECT RESCUE, INC. is not "in a cooperative agreement with at least one private or public shelter pursuant to Section 31108, 31752, or 31753 of the Food and Agriculture Code."

49.    On information or belief, Defendant PET CONNECT RESCUE, INC. is not tax exempt under Section 501(c)(3) of the Internal Revenue Code because it does not meet the requirements for such organizations. Among other things, PET CONNECT RESCUE, INC. does not have a disinterested board, and its revenue goes to the private inurement of the ROTHMANS.

50.    On information or belief, Defendant PET CONNECT RESCUE, INC. obtains animals from breeders or brokers for compensation.

51.    On information or belief, Defendant PET CONNECT RESCUE, INC. has never rescued a single animal from any shelter.

52.    Defendants DAVID SALINAS, VERONICA SALINAS, THE PUPPY STORE, LLC, YELLOW STORE ENTERPRISES, LLC, JASE DEMETRIUS SHAMORE, CRITTERS AND PETS/FURRY AND FEATHER, LLC, RICKIE GALLARDO, and 360 CLEAN N GO, LLC are all deliberately, knowingly, and unlawfully continuing to sell puppies in pet stores obtained from breeders or brokers for compensation in violation of California law.

53.    Defendants PET CONNECT RESCUE, INC., the ROTHMANS, and DOES 1-10 are all accomplices in this deliberate scheme to evade California law.

54.    On information or belief, all Defendants are knowingly and willfully acting as accomplices to all other Defendants to evade California law and defraud consumers into believing they are "adopting" a "rescue" animal, when in fact their purchases are supporting the puppy mill industry of which Defendants are a part.

55.    Defendants, and each of them, are misleading consumers and unlawfully interfering with the efforts of bona fide rescue groups and animal

10

shelters, including Plaintiff's own legitimate nonprofit efforts, to seek homes for stray and abandoned animals, which also causes economic harm to Plaintiff through frustration of Plaintiff's mission and diversion of Plaintiff's organizational resources.

56.     Instead of spending its limited resources rescuing and placing animals, Plaintiff instead must spend significant organizational resources on explaining to the public that the animals for sale in Defendants' stores are not "rescues" and are not from Plaintiff or any other legitimate nonprofit organization or shelter, but are instead falsely advertised and illegally sourced from puppy mills and breeders.

57.     On information or belief, all of the Defendants, both independently and collectively, have violated and are continuing to violate Health and Safety Code § 122354.5 by knowingly participating in and profiting from Defendants' unlawful scheme to sell puppy mill puppies in pet stores and falsely advertise to the public that the puppies are "rescues" from a shelter, Plaintiff, or other legitimate rescue operation.

58.     Defendants, and each of them, have engaged in acts or practices that constitute unfair competition, as that term is defined in section 17200 et seq. of the Business & Professions Code.

59.     Defendants, and each of them, have violated, are violating, and plan to continue to violate Business & Professions Code §§ 17200 et seq. through their unlawful business acts and practices, which violate Health and Safety Code § 122354.5 and other consumer protection laws.

60.     Defendants, and each of them, have independently and collectively engaged in and will continue to engage in the unlawful and unfair business practices through the illegal sale of puppies in pet stores obtained from puppy mills as set forth in this complaint unless specifically enjoined from doing so by this Court.

**VERIFIED COMPLAINT**

61.     On information or belief, Defendants have also failed to disclose the true origin and age of the puppies prior to sale by not posting a properly filled out and truthful "cage card" for consumers to read prior to purchase. Cage cards are required pursuant to the Animal Welfare Act's implementing regulations which require USDA-licensed breeders and dealers to keep records on all dogs and cats in their possession. (9 CFR § 2.75(a)(1)). This failure to post a truthful cage card, which requires both the name of the breeder and the date of birth of the puppy, is part of Defendants' fraudulent scheme and is designed to deceive consumers by preventing them from learning the true origin of the puppies.

62.     On information or belief, Defendants, and each of them, have also violated federal law by failing to keep USDA APHIS Form 7005, "Record of Acquisition of Dogs and Cats on Hand."

63.     Plaintiff seeks an injunction against all Defendants from continuing to run an illegal puppy laundering scheme to sell puppy mill puppies to consumers at retail pet stores by fraudulently labeling, representing, advertising, marketing and selling these puppies as "rescues," all in direct violation of California law.

64.     Plaintiff has been harmed by the actions Defendants in fraudulently labeling, representing, advertising, marketing and selling puppy mill puppies as "rescues," all in direct violation of California law.

## SECOND CAUSE OF ACTION
### (Trade Libel)

65.     Plaintiff realleges and incorporates by reference all previous allegations as is fully set forth herein.

66.     On information or belief, within the past year, Defendants, and each of them, willfully, without justification, and without privilege, published and communicated, and cause to be published and communicated, to other persons the false claim that puppies sold by Defendants are "rescues" obtained from Plaintiff.

67.      Defendants' statements disparaged Plaintiff in that the puppies sold

12

1   by Defendants are obtained from puppy mills for profit, and Defendants' false
2   statements cause the general public to believe Plaintiff is involved in Defendants'
3   illegal puppy laundering scheme.

4        68.    As a proximate result of Defendants' false statements, the public has
5   been deterred from supporting and otherwise dealing with Plaintiff, and Plaintiff
6   has thereby suffered damages in an amount to be proven at trial.

7        69.    By falsely representing to the general public that puppies sold by
8   Defendants are "rescue puppies" obtained from Plaintiff, each Defendant has
9   injured the reputation of Plaintiff and imputed Plaintiff with involvement in
10  Defendants' illegal puppy laundering scheme.

11       70.    Defendants, and each of them, made these false representations with
12  actual malice, and with intentional or reckless disregard for the impact that such
13  statements would have on Plaintiff, entitling Plaintiff to an award of punitive
14  damages.

**THIRD CAUSE OF ACTION**

**(Negligence)**

17       71.    Plaintiff realleges and incorporates by reference all previous
18  allegations as is fully set forth herein.

19       72.    Defendants, and each of them, had a duty not to fraudulently deceive
20  consumers into purchasing puppies from puppy mills by falsely telling consumers
21  the puppies were "rescues" obtained from Plaintiff.

22       73.    Defendants, and each of them, breached their duty by falsely telling
23  consumers the puppies Defendants are selling are "rescues" obtained from
24  Plaintiff.

25       74.    Plaintiff has suffered damages as a proximate cause of Defendants
26  breaching their duty to Plaintiff to not impute Plaintiff with involvement in
27  Defendants' fraudulent and criminal enterprise.

28

13

**VERIFIED COMPLAINT**

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Defendants as follows:

1.    For a temporary restraining order, preliminary injunction, and permanent injunction enjoining all Defendants and their principals, members, agents, officers, employees, representatives, co-conspirators, and all persons acting in concert, collaboration or participation with them during the pendency of this action and permanently thereafter, from shipping any dogs into the State of California for purposes of being sold in a pet store;

2.    For a temporary restraining order, preliminary injunction, and permanent injunction enjoining all Defendants and their principals, members, agents, officers, employees, representatives, co-conspirators, and all persons acting in concert, collaboration or participation with them during the pendency of this action and permanently thereafter, from falsely representing to the public that they are selling "rescue puppies";

3.    For a temporary restraining order, preliminary injunction, and permanent injunction enjoining all Defendants and their principals, members, agents, officers, employees, representatives, co-conspirators, and all persons acting in concert, collaboration or participation with them during the pendency of this action and permanently thereafter, from selling or offering for sale any dogs in the State of California in violation of Cal. Health & Safety Code § 122354.5;

4.    For damages to be proven at trial;

5.    For restitution and disgorgement as allowed by law;

6.    For reasonable attorneys' fees as provided by, *inter alia,* Code of Civil Procedure § 1021.5;

7.    For costs of suit incurred herein;

8.    For pre- and post-judgment interest;

9.    For such other and further relief as the Court deems just and proper.

14

**VERIFIED COMPLAINT**

Dated: March 20, 2020        By:    /s/ Bryan W. Pease
                                    Bryan W. Pease, Esq.
                                    Attorney for Plaintiffs


## VERIFICATION

I, Lizette Chanock, am the founder and a board member of PETCONNECT RESCUE, INC., the Plaintiff in the above-captioned action. I have read the foregoing Verified Complaint and am familiar with its contents. The same is true of my own personal knowledge, except those matters alleged on information or belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of California the foregoing is true and correct.


Dated: March 20, 2020        By:    _____
                                    Lizette Chanock

15

**VERIFIED COMPLAINT**