# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETCONNECT RESCUE, INC., a Maryland corporation; LUCKY PUP DOG RESCUE.COM, a California Corporation; and SARAH GONZALEZ, an individual,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>DAVID SALINAS, an individual; VERONICA SALINAS, an individual; RICHARD ROBLES PENA, an individual; VIRGO CASTRO ZUSA, an individual; THE PUPPY STORE, LLC, a Wyoming limited liability company; YELLOW STORE ENTERPRISES, LLC, a Wyoming limited liability company; SOCAL PUPPY ADOPTIONS, INC., a California corporation; PET CONNECT RESCUE, INC., a Missouri corporation; ALYSIA ROTHMAN, an individual; RAY ROTHMAN, an individual; JASE DEMETRIUS SHAMORE, an individual; RYAN LORENZ, an individual; TREVOR DUGGAN, an individual; CRITTERS AND PETS/FURRY AND FEATHER, LLC, a California limited liability company; RICKIE GALLARDO, an individual; 360 CLEAN N GO, LLC, a | Case No.: 20-cv-00527-H-KSC<br><br>**ORDER:**<br><br>**(1) DENYING MOTIONS TO DISMISS BY DEFENDANTS RICKIE GALLARDO, 360 CLEAN N GO, LLC, RYAN LORENZ, LIFE7, LLC, DAVID SALINAS, VERONICA SALINAS, RICHARD ROBLES PENA, THE PUPPY STORE, LLC, YELLOW STORE ENTERPRISES, LLC, SOCAL PUPPY ADOPTIONS, INC., PET CONNECT RESCUE, INC., ALYSIA ROTHMAN, RAY ROTHMAN, VIRGO CASTRO ZUSA, NATIONAL CITY PUPPY, LLC, FANCY PUPPY, LLC, AND THE PUPPY STORE, LAS VEGAS, LLC; AND**<br><br>**(2) DENYING DEFENDANTS' MOTION TO STRIKE**<br><br>[Doc. Nos. 27, 31, 33.] |

California limited liability company; NATIONAL CITY PUPPY, LLC, a California limited liability company; BROADWAY PUPPIES, a business entity of form unknown; PUPS & PETS, a business entity of form unknown; HELLO PUPPIES, a business entity of form unknown; THE FANCY PUPPY, LLC, a California limited liability company; THE PUPPY STORE LAS VEGAS, LLC, a Nevada limited liability company; LIFE7, LLC, a California limited liability company; VILLAGGIO FAMILY PETS, a business entity of form unknown; TOWN PUPPIES, a business entity of form unknown; TEMECULA PUPPIES, a business entity of form unknown; PUPPIES 4 LESS, a business entity of form unknown; CINDY LEE DUHAMELL, an individual; JOSH ANGUINO, an individual; JASON HUIHAMELL, an individual; and DOES 1-10,

Defendants.

On April 6, 2020, Plaintiffs PetConnect Rescue, Inc., Lucky Pup Dog Rescue.com, and Sarah Gonzalez (collectively, "Plaintiffs") filed an amended complaint against Defendants David Salinas, Veronica Salinas, Richard Robles Pena, Virgo Castro Zusa, The Puppy Store, LLC, Yellow Store Enterprises, LLC, SoCal Puppy Adoptions, Inc., Pet Connect Rescue, Inc., Alysia Rothman, Ray Rothman, Jase Demetrius Shamore, Ryan Lorenz, Trevor Duggan, Critters and Pets/Furry and Feather, LLC, Rickie Gallardo, 360 Clean N Go, LLC, National City Puppy, LLC, Pups & Pets, Hello Puppies, The Fancy Puppy, LLC, The Puppy Store Las Vegas, LLC, Life7, LLC, Villagio Family Pets, Town Puppies, Temecula Puppies, Puppies 4 Less, Cindy Lee Duhamell, and Jason Huihammel. (Doc. No. 16.)

On April 27, 2020, Defendants Rickie Gallardo and 360 Clean N Go, LLC

("Gallardo Defendants"), filed a motion to dismiss the amended complaint with respect to the Gallardo Defendants, as well as a motion to strike sections of the amended complaint. (Doc. No. 27.)  On May 11, 2020, Defendants Ryan Lorenz and Life7, LLC ("Lorenz Defendants"), filed a motion for joinder in the Gallardo Defendants' motion to dismiss and motion to strike.[1]  (Doc. No. 31.)  On May 17, 2020, Defendants David Salinas, Veronica Salinas, Richard Robles Pena, The Puppy Store, LLC, Yellow Store Enterprises, LLC, SoCal Puppy Adoptions, Inc., Pet Connect Rescue, Inc., Alysia Rothman, Ray Rothman, Virgo Castro Zusa, National City Puppy, LLC, Fancy Puppy, LLC, and The Puppy Store, Las Vegas, LLC, filed a motion for joinder in the Gallardo Defendants' motion to dismiss and motion to strike.  (Doc. No. 33.)  On May 18, 2020, Plaintiffs filed their opposition to Defendants' motions to dismiss and motions to strike.[2]  (Doc. Nos. 34, 35.)  On May 26, 2020 Defendants Gallardo and 360 Clean N Go filed their reply.  (Doc. No. 45.)

On June 1, 2020, the Court held a hearing on Defendants' motions to dismiss and strike.  (Doc. No. 37.)  Bryan Pease and John Maher appeared for Plaintiffs.  George R. Najjar appeared for Defendants Rickie Gallardo, 360 Clean N Go, LLC, David Salinas, Veronica Salinas, Richard Robles Pena, The Puppy Store, LLC, Yellow Store Enterprises, LLC, SoCal Puppy Adoptions, Inc., Pet Connect Rescue, Inc., Alysia Rothman, Ray Rothman, Virgo Castro Zusa, National City Puppy, LLC, Fancy Puppy, LLC, and The Puppy Store, Las Vegas, LLC.  Michael Long appeared for Defendants Ryan Lorenz, Life7, LLC, Jase Demetrius Shamore, and Critters and Pets/Furry and Feather, LLC.  For

---

[1]   Defendants Ryan Lorenz and Life7, LLC also state that they join in the motion to dismiss filed by Defendants Jase Demetrius Shamore and Critters and Pets/Furry and Feather, LLC.  (Doc. No. 31 at 2.)  The motion to dismiss by Defendants Shamore and Critters and Pets/Furry and Feather, LLC is set for a later hearing on June 29, 2020.  (Doc. No. 46.)

[2]   Plaintiffs also attached seven declarations to their opposition to Defendants' motions to dismiss. (Doc. Nos. 34-1–34-7.)  The Court declines to consider this extrinsic evidence at this time.  On a motion to dismiss, the Court considers only the sufficiency of the allegations in the complaint.  See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011); see also Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010) (besides pleadings, court may only consider materials incorporated into the complaint or matters of public record on a motion to dismiss); Fed. R. Civ. P. 12(d) (a court may only consider matters outside the pleadings if the court converts the motion to a motion for summary judgment).

the following reasons, the Court denies Defendants' motions to dismiss and motions to strike.

## Background

Plaintiffs are two animal rescue organizations and an individual consumer alleging that Defendants fraudulently represent the dogs that Defendants sell as rescued animals. Defendants Alysia Rothman and Ray Rothman operate Defendant Pet Connect Rescue, Inc., an entity based in Missouri ("Rothman Defendants"). (Doc. No. 16 ¶¶ 4–5, 56–60.) Plaintiffs allege that the Rothman Defendants broker the sale of dogs bred for profit from "puppy mills" in the Midwest to pet stores in California. (Id.) According to Plaintiffs, the Rothman Defendants misrepresent these dogs as "rescues" to circumvent California law prohibiting the sale of non-rescue dogs in pet stores. (Id.) Plaintiffs also claim that Defendants created SoCal Puppy Adoptions, Inc. as a second entity meant to broker the sale of dogs bred for profit. (Id. ¶ 58.)

The other Defendants in this action own or operate pet stores in southern California. Plaintiffs allege that the pet store Defendants procure dogs from the Rothman Defendants to sell in their stores, misrepresent the dogs as rescues, and reinforce this misrepresentation by using the names of the organizational Plaintiffs. (Doc. No. 16.) Defendants David Salinas, Veronica Salinas, Virgo Castro Zusa, The Puppy Store, LLC, Yellow Store Enterprises, LLC, National City Puppy, LLC, Fancy Puppy, LLC, and The Puppy Store, Las Vegas, LLC ("Salinas Defendants"), operate pet stores in California and other states. (Id. ¶¶ 7, 47–50.) Defendant Richard Robles Pena is the general manager for the pet stores operated by the Salinas Defendants, and he is responsible for obtaining dogs for the Salinas Defendants' stores. (Id. ¶ 49.) Defendants Rickie Gallardo and 360 Clean N Go, LLC own and operate the pet store Puppy World ("Gallardo Defendants"). (Id. ¶ 52.) Defendant Ryan Lorenz owns and operates Defendant Life7, LLC, doing business as Town Puppies[3]

---

[3] Plaintiffs allege that Defendant Jase Demetrius Shamore is also an owner of the pet store Town Puppies (Doc. No. 16 ¶ 53), though Defendant Shamore has denied ownership of that store in a separate filing. (Doc. No. 29 at 4.)

("Lorenz Defendants"). (Id. ¶ 53; Doc. No. 31.)

On April 6, 2020, Plaintiffs filed an amended complaint alleging trademark infringement and dilution under the Lanham Act, unfair business practices under California's Unfair Competition Law ("UCL"), violations of California's Consumer Legal Remedies Act ("CLRA"), fraud, and accounting. (Doc. No. 16.) On April 27, 2020, the Gallardo Defendants filed a motion to dismiss the amended complaint with respect to the Gallardo Defendants, as well as a motion to strike sections of the amended complaint. (Doc. No. 27.) On May 11, 2020, the Lorenz Defendants filed a motion for joinder in the Gallardo Defendants' motions to dismiss and strike (Doc. No. 31.) And on May 17, 2020, the Rothman Defendants and Salinas Defendants filed a motion for joinder in the Gallardo Defendants' motions to dismiss and strike. (Doc. No. 33.)

**Discussion**

**I. Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). The Federal Rule of Civil Procedure 8(a)(2)'s plausibility standard governs Plaintiff's claims. The Supreme Court explains:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. As the Court held in [Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)], the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (citations, quotation marks, and brackets omitted).

In reviewing a Rule 12(b)(6) motion to dismiss, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

"Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted). In addition, a court need not accept legal conclusions as true. Iqbal, 556 U.S. at 678. Further, it is improper for a court to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Finally, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).

If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (internal quotation marks and citations omitted).

**II. Analysis**

The Lorenz Defendants argue that Plaintiffs lack standing to raise a claim for trademark infringement. (Doc. No. 31 at 3–4.) Additionally, the Gallardo Defendants, Lorenz Defendants, Rothman Defendants, and Salinas Defendants assert that Plaintiffs fail to state a claim for trademark infringement, arguing that the "PetConnect Rescue" mark is not a protectable mark.[4] (Doc. Nos. 27-1 at 5–6; 31 at 2; 33 at 2–3.) Finally, the Gallardo Defendants and Lorenz Defendants contend that Plaintiffs fail to allege facts sufficient to state a UCL violation, that Plaintiffs fail to allege facts with respect to them, and that the

---

[4] Defendants' motions to dismiss do not address the protectability of Plaintiff Lucky Pup Dog Rescue.com's mark under Plaintiffs' third cause of action for trademark infringement. (Doc. Nos. 27, 31, 33.)

Court should decline supplemental jurisdiction over Plaintiffs' UCL claim. (Doc. Nos. 27-1 at 4–6; 31 at 2–3.)

### A. Plaintiff PetConnect Rescue's Standing to Allege Violations of the Lanham Act

According to the Lorenz Defendants, Plaintiff PetConnect Rescue[5] lacks standing to raise a trademark claim because Plaintiff PetConnect Rescue does not allege an injury in fact and does not fall within the Lanham Act's "zone of interests."[6] (Doc. No. 31 at 3–4.) The Court disagrees.

First, Plaintiff PetConnect Rescue has alleged a cognizable injury in fact. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). Plaintiffs have alleged that Defendants' use of an infringing mark has harmed Plaintiff PetConnect Rescue's reputation and caused consumer confusion, diverting Plaintiffs' resources towards correcting the confusion. (Doc. No. 16 ¶¶ 72, 117.) An "organization has direct standing to sue when it establishes that the defendant's behavior has frustrated its mission and caused it to divert resources in response to that frustration of purpose." E. Bay Sanctuary Covenant v. Trump, 950 F.3d 1242, 1265 (9th Cir. 2020) (citing Fair Hous. of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002)); see also Havens Realty Corp. v. Coleman, 455 U.S. 363, 379 (1982). Though the Lorenz Defendants argue that fielding calls and social media inquiries are not sufficiently serious to constitute injury, such incidents occupy time that staff would otherwise dedicate to their organization's ordinary activities, causing economic injury. See, e.g., Fair Hous. of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002).

---

[5] Though the Lorenz Defendants' motion refers to "Plaintiffs," generally, the Lorenz Defendants move to dismiss the Lanham Act causes of action claimed solely by Plaintiff PetConnect Rescue. (See Doc. Nos. 16, 31.)

[6] The Lorenz Defendants also argue that Plaintiffs "lack standing because in part there is no factual basis to assert it has either a trademark claim that is being violated, or confusion of its name with any other "Pet Connect Rescue" organization . . . ." (Doc. No. 31 at 3.) The Lorenz Defendants' argument presents a challenge to the merits of Plaintiffs' claim, not to Plaintiffs' standing. As this order explains, Plaintiffs' trademark claims are more appropriate for resolution on summary judgment.

Second, Plaintiff PetConnect Rescue falls within the Lanham Act's zone of interests and can properly raise a trademark infringement claim. The "zone of interests" test is a question of statute, not of standing. As the Supreme Court explains, "in *Lexmark*, we said that the label 'prudential standing' was misleading, for the [zone of interests] requirement . . . is in reality tied to a particular statute. The question is whether the statute grants the plaintiff the cause of action that he asserts." Bank of Am. Corp. v. City of Miami, Fla., 137 S. Ct. 1296, 1302–03 (2017) (citing Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 127 (2014)). Thus a "statute ordinarily provides a cause of action 'only to plaintiffs whose interests fall within the zone of interests protected by the law invoked.'" Id.

In this case, Plaintiff PetConnect Rescue raises a claim within the Lanham Act's zone of interests. The Lanham Act was enacted to prohibit the deceptive and misleading use of marks "to protect persons engaged in . . . commerce against unfair competition." 15 U.S.C. § 1127. The Lorenz Defendants argue that Plaintiffs fall outside the ambit of the Lanham Act because they are not engaged in commerce. But the Lanham Act defines "commerce" to broadly encompass "all commerce which may lawfully be regulated by Congress." Id.; see also Playboy Enterprises, Inc. v. Netscape Commc'ns Corp., 354 F.3d 1020, 1024 n.11 (9th Cir. 2004). Thus, the Lanham Act's protections extend to non-profit organizations' use of marks, even when the marks do not accompany a sale. Bosley Med. Inst., Inc. v. Kremer, 403 F.3d 672, 679 (9th Cir. 2005) (citing with approval United We Stand America v. United We Stand, America New York, 128 F.3d 86, 92–93 (2d Cir. 1997) and its holding that "use in commerce" denotes "Congress's authority under the Commerce Clause rather than an intent to limit the Act's application to profitmaking activity," 128 F.3d 86, 92–93 (2d Cir. 1997)); accord Planetary Motion, Inc. v. Techsplosion, Inc., 261 F.3d 1188, 1194 (11th Cir. 2001) ("Darrah's wide distribution of the Coolmail software over the Internet, even absent any sales thereof, was sufficient to establish ownership rights in the 'CoolMail' mark."). Here, Plaintiff PetConnect Rescue clearly uses their mark to accompany the services it provides. Thus, Plaintiff PetConnect Rescue's trademark claims

fall within the Lanham Act's zone of interests, and Plaintiff can properly raise its trademark claims here.

### B. Lanham Act, 15 U.S.C. § 1125

The Gallardo, Lorenz, Rothman, and Salinas Defendants argue that Plaintiff PetConnect Rescue's trademark claims should be dismissed because "PetConnect Rescue" is a generic mark that lacks any secondary meaning. (Doc. Nos. 27-1 at 5–6; 31 at 2; 33 at 2–3.)  Plaintiffs argues that "PetConnect Rescue" is suggestive and that the mark has acquired secondary meaning through its long history of use. (Doc. No. 34 at 15–16.)  The Court declines to dismiss Plaintiff PetConnect Rescue's trademark infringement claims at this time.

The Lanham Act, 15 U.S.C. § 1051 et seq., "creates a comprehensive framework for regulating the use of trademarks and protecting them against infringement, dilution, and unfair competition."  Gordon v. Drape Creative, Inc., 909 F.3d 257, 263 (9th Cir. 2018) (quoting Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc., 618 F.3d 1025, 1030 (9th Cir. 2010)).  To show trademark infringement, Plaintiffs must prove: (1) that they have "a valid, protectable trademark" and (2) the "defendant's use of the mark is likely to cause confusion."  Id. (quoting S. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 929 (9th Cir. 2014)).

A party possesses a valid and protectable mark if the mark is distinctive.  Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 768 (1992); Zobmondo Entm't, LLC v. Falls Media, LLC, 602 F.3d 1108, 1113 (9th Cir. 2010).  Distinctiveness measures "the primary significance of the mark to the purchasing public" using "standards of meaning not our own," but "prevalent among prospective purchasers of the article."  Zobmondo Entm't, 602 F.3d at 1113.  There are five traditional categories of distinctiveness: "(1) generic, (2) descriptive, (3) suggestive, (4) arbitrary, or (5) fanciful."  Id. (citing Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 768 (1992)).  Suggestive, arbitrary, or fanciful marks are automatically protectable.  S. California Darts Ass'n v. Zaffina, 762 F.3d 921, 929 (9th Cir. 2014).  Descriptive marks are protectable if they acquire a secondary meaning by

becoming distinctive "as used or in connection with the applicant's goods in commerce." Id. To determine whether a mark is descriptive or suggestive, courts in the Ninth Circuit apply either the "imagination test" or the "competitors' needs test." Zobmondo Entm't, 602 F.3d at 1115. The imagination test asks whether "imagination or mental leap is required in order to reach a conclusion as to the nature of the product being referenced." Id. (quoting Rudolph Int'l, Inc. v. Realys, Inc., 482 F.3d 1195, 1198 (9th Cir.2007)). The competitors' needs test asks whether the mark "is actually needed by competitors to identify their goods and services." Id. at 1117 (internal citation and quotation marks omitted).

Whether "PetConnect Rescue" is a protectable trademark is a matter more suited for resolution on summary judgment. "PetConnect Rescue" is a descriptive mark. The organization connects rescued animals with individuals or families willing to adopt the rescued animals as pets. Thus, the mark "describes the qualities or characteristics of a good or service." Park 'N Fly, Inc. v. Dollar Park and Fly, Inc., 469 U.S. 189, 194 (1985). Nonetheless, even "descriptive marks may acquire the distinctiveness which will allow them to be protected" if they gain secondary meaning through their usage. Two Pesos, 505 U.S. at 769; see also S. California Darts Ass'n v. Zaffina, 762 F.3d at 929. To determine whether Plaintiff's mark has gained secondary meaning through use, however, the Court must discern whether the mark has gained an association in the minds of consumers. Two Pesos, 505 U.S. at 770. Accordingly, this matter is more appropriate for summary judgment when the evidentiary record is further developed.

**C. Unfair Competition Law, Cal. Bus. & Prof. Code § 17200**

The Gallardo Defendants and Lorenz Defendants argue that Plaintiffs fail to allege facts sufficient to state a UCL violation, that Plaintiffs fail to allege facts with respect to the Gallardo and Lorenz Defendants, and that the Court should decline supplemental jurisdiction over the UCL claim. (Doc. Nos. 27-1 at 4–6; 31 at 2–3). The Court disagrees.

Under Federal Rule of Civil Procedure 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Rule

9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL." Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009). To meet Rule 9(b)'s heightened pleading standards, the allegations "must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged." Becerra v. Dr Pepper/Seven Up, Inc., 945 F.3d 1225, 1228 (9th Cir. 2019) (quoting Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007)). In other words, a plaintiff "must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citation omitted).

Here, Plaintiffs allege sufficient facts to state a UCL claim. California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice" and any "unfair, deceptive, untrue, or misleading advertising . . . ." Cal. Bus. & Prof. Code § 17200. Its coverage is "sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law." Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 973 P.2d 527, 539 (Cal. 1999) (internal citations and quotation marks omitted). By prohibiting unlawful practices, the UCL "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." De La Torre v. CashCall, Inc., 422 P.3d 1004, 1012 (Cal. 2018) (internal citations and quotation marks omitted).

Here, Plaintiffs allege that Defendants have committed unlawful business practices by violating California law prohibiting the sale of dogs bred for profit. In California,

> A pet store operator shall not sell a live dog, cat, or rabbit in a pet store unless the dog, cat, or rabbit was obtained from a public animal control agency or shelter, society for the prevention of cruelty to animals shelter, humane society shelter, or rescue group that is in a cooperative agreement with at least one private or public shelter pursuant to Section 31108, 31752, or 31753 of the Food and Agricultural Code.

Cal. Health & Safety Code § 122354.5(a). The statute further defines a "rescue group" as

"an organization that is tax exempt under Section 501(c)(3) of the Internal Revenue Code, and that does not obtain animals from breeders or brokers for compensation." Id. § 122354.5(f). Plaintiffs argue that Defendants violate Health & Safety Code § 122354.5(a) by selling dogs that have been obtained from breeders and brokers for compensation. Thus, Plaintiffs have alleged that Defendants violate the UCL by selling dogs bred for profit, misrepresenting those dogs as "rescues," and facilitating the misrepresentation by using the names of the organizational Plaintiffs. Plaintiffs' allegations offer enough specificity to state a claim and place Defendants on notice.

Defendants also argue that the Court should decline to exercise supplemental jurisdiction over Plaintiffs' UCL claim. (Doc. No. 27-1 at 7–8; 31 at 2–3.) The exercise of supplemental jurisdiction is a matter for the court's discretion. 28 U.S.C. § 1367(c); San Pedro Hotel Co. v. City of Los Angeles, 159 F.3d 470, 478 (9th Cir. 1998). A district court may decline to exercise supplemental jurisdiction if: (1) the claim raises a novel or complex issue of state law, (2) the state law claims substantially predominate over the federal claims, (3) the court has dismissed the claims over which it has original jurisdiction, or (4) in exceptional circumstances. 28 U.S.C. § 1367(c). None of these factors counsel in favor of declining supplemental jurisdiction. Plaintiffs' UCL claims do not raise complex questions of state law. Id. § 1367(c)(1). Rather, the UCL claims simply ask whether Defendants properly characterized the dogs it sold as "rescues." Nor do Plaintiffs' UCL claims predominate over the Lanham Act claims, since each set of claims poses discrete legal questions. The UCL claims, for example, do not address the strength or validity of Plaintiffs' marks, the primary issue underlying Plaintiffs' Lanham Act claims. Additionally, the Court has declined to dismiss the Lanham Act claims at this time, and the existence of related proceedings in state court do not constitute "exceptional circumstances" justifying the denial of supplemental jurisdiction. Id. § 1367(c)(3)–(4). Accordingly, the Court declines to dismiss Plaintiffs' UCL claims.

///

///

### D. Plaintiffs' Factual Allegations Against Specific Defendants

The Gallardo Defendants and Lorenz Defendants also argue that Plaintiffs fail to state claims under either the Lanham Act or UCL because Plaintiffs fail to allege facts specific to the Gallardo or Lorenz Defendants. (Doc. No. 27-1 at 5–7; 31 at 2–3.) The Court disagrees.

Plaintiffs allege that the Rothman Defendants operate Pet Connect Rescue, Inc., an entity based in Missouri that claims to provide rescues but instead brokers the sale of dogs from "commercial breeders" in Missouri and Iowa to pet stores in California. (Doc. No. 16 ¶¶ 1, 4–5, 9–10, 57–61.) Plaintiffs then state that the Gallardo and Lorenz Defendants own or operate pet stores in southern California and that "the puppies sold in each of the stores are all supplied by the ROTHMANS from puppy mills in the Midwest . . . ." (Id. ¶¶ 52–53, 56.) Additionally, Plaintiffs claim that "[a]ll Defendants are aware of and participants [sic] in this illegal puppy laundering scheme," that "consumers purchasing sick puppies from . . . stores owned by Defendants often end up calling the real PETCONNECT RESCUE, INC. to ask about the source of the puppies," and that "[i]n many cases, employees at stores owned by Defendants have even directly given out the real PETCONNECT RESCUE, INC.'s phone number and website to consumers who ask where the puppies came from, when in fact the puppies came from the ROTHMAN's fake PET CONNECT RESCUE, INC." (Id. ¶ 59–61.) Consequently, Plaintiffs have alleged facts specific enough to put the Gallardo and Lorenz Defendants on notice of the Lanham Act and UCL claims asserted against them. Thus, the Court declines to dismiss Plaintiffs' claims against the Gallardo Defendants and Lorenz Defendants.

### E. Defendants' Motion to Strike

Defendants move to strike thirty-four lines, phrases, or paragraphs from the amended complaint. (Doc. No. 27-3 at 5.) Most of the sections Defendants move to strike involve the phrase "puppy mills," which Defendants claim to be redundant, immaterial, impertinent, and scandalous. (Doc. No. 27-2 at 3–4.) Defendants also seek to strike as immaterial allegations relating to the ongoing COVID-19 pandemic, allegations that

Defendants aim to "induce impulse buys," allegations that Defendants operate "fake" or "con" entities, allegations referencing a state court injunction against a non-party pet store, and allegations referencing an Iowa Attorney General investigation concluding that fraudulent animal rescue organizations transferred dogs to California and other states. (Id. at 4–5.) Finally, Defendants move to strike sections of Plaintiffs' UCL allegations stating that "Defendants are routinely engaged in committing felony fraud in violation of Penal Code § 484," allegations that Defendants violate U.S. Department of Agriculture regulations requiring USDA-licensed breeders to keep truthful records on all dogs in their possession and to keep a "Record of Acquisition of Dogs and Cats" on hand. (Id.)

A motion to strike under Federal Rule of Civil Procedure 12(f) is a request for the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f). The function of Rule 12(f) is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (internal citation and quotation marks omitted). Motions to strike pleadings under Rule 12(f) are generally disfavored. 5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1382 (3d ed. 2020); Benham v. Am. Servicing Co., No. C 09-01099 JSW, 2009 WL 4456386, at *8 (N.D. Cal. Nov. 30, 2009). The decision to strike under Rule 12(f) is a matter for the Court's discretion. Whittlestone, 618 F.3d at 973.

The Court, exercising its discretion, denies Defendants' motions to strike. Plaintiffs' use of the phrase "puppy mill," and the allegations that Defendants operate "fake" entities that "induce" purchases, reflect Plaintiffs' allegations of fraud and misrepresentation. To the extent Defendants dispute Plaintiffs' claims or interpretation of law, those are issues appropriately resolved on the merits and not under a Rule 12(f) motion to strike. Further, Plaintiffs' references to other state court actions or actions by the Iowa Attorney General are pertinent to Plaintiffs' allegations linking Defendants to the entities in the Midwest allegedly shut down for fraudulently selling dogs bred for profit. Finally, Plaintiffs'

allegations that Defendants violate the California penal code or USDA regulations are not immaterial because Plaintiffs allege a violation of the UCL, and the UCL borrows all violations of other laws, "be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." Saunders v. Superior Court, 33 Cal. Rptr. 2d 438, 441 (Cal. Ct. App. 1994). Thus, the Court declines to strike the challenged portions of the amended complaint.[7]

## Conclusion

For the foregoing reasons, the Court denies Defendants' motions to dismiss and motions to strike sections of the amended complaint. Defendants must file answers to Plaintiffs' amended complaint on or before **July 1, 2020**.

**IT IS SO ORDERED.**

DATED: June 1, 2020

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[7] The Court's decision not to strike allegations from the complaint does not mean that the allegations will constitute admissible evidence at trial under the Federal Rules of Evidence. See Fed. R. Evid. 403. Nor does this mean these allegations necessarily support discoverable evidence. See Fed. R. Civ. P. 26(b)(1) (litigants may obtain nonprivileged evidence only if it is "relevant to the claim or defense of any party"); Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005) (parties may only obtain in discovery information "reasonably calculated to lead to the discovery of admissible evidence").