UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETCONNECT RESCUE, INC., a Maryland corporation; LUCKY PUP DOG RESCUE.COM, a California corporation; and SARAH GONZALEZ, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID SALINAS, an individual, et al.,<br><br>Defendants. | Case No.: 3:20-cv-00527-H-DEB<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>[Doc. No. 85.] |

On October 30, 2020, Plaintiffs PetConnect Rescue, Inc., Lucky Pup Dog Rescue.com, and Sarah Gonzalez (collectively, "Plaintiffs") filed a motion requesting leave to file a second amended complaint (the "SAC"). (Doc. No. 85.) Plaintiffs' motion was

not opposed by any party in this action.  In fact, on December 9, 2020, Defendants David Salinas, Veronica Salinas, Richard Robles Pena, Virgo Castro Zusa, The Puppy Store, LLC, Yellow Store Enterprises, LLC, Socal Puppy Adoptions, Inc., Pet Connect Rescue, Inc., Alysia Rothman, Ray Rothman, The Fancy Puppy, LLC, The Puppy Store Las Vegas, LLC, Rick Gallardo, and 360 Clean N Go, LLC notified the Court that they do not oppose Plaintiffs' motion. (Doc. Nos. 88, 89.)   The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines the matter is appropriate for resolution without oral argument, submits the motion on the parties' papers, and vacates the hearing scheduled for December 21, 2020.

      Federal Rule of Civil Procedure 15(a) allows a party leave to amend its pleading once as a matter of right prior to service of a responsive pleading.  Thereafter, "a party may amend that party's pleading only by leave of the court or by written consent of the adverse party and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  The Ninth Circuit has instructed that this policy is "'to be applied with extreme liberality.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)). The decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Pisciotta v. Teledyne Indus., 91 F.3d 1326, 1331 (9th Cir. 1996).

      Here, the circumstances favor giving Plaintiffs leave to file their proposed SAC. First, Plaintiffs filed their motion seeking leave to amend within the time frame permitted by the Court's scheduling order.  (See Doc. No. 78.)  Moreover, there is no evidence that Plaintiffs unduly delayed seeking leave to file their proposed SAC.  There is also no evidence before the Court indicating that their request is made in bad faith, would result in any prejudice, or would be futile.  Rather, Plaintiffs' motion seeking leave to file their proposed SAC went unopposed. Accordingly, the Court, in its discretion, grants Plaintiffs'

motion for leave to file their proposed SAC for good cause shown and in accordance with the policy that courts should "freely give[]" leave as justice requires.  Fed. R. Civ. P. 15(a); see also Owens, 244 F.3d at 712.  Plaintiffs must file their proposed SAC within 14 days from the date of this Order.

**IT IS SO ORDERED.**

DATED: December 17, 2020

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT