UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETCONNECT RESCUE, INC. et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>DAVID SALINAS, et al.,<br><br>                              Defendants. | Case No.: 20-cv-00527-H (DEB)<br><br>**ORDER GRANTING DEFENDANTS RAY ROTHMAN AND ALYSIA ROTHMAN'S MOTION FOR PROTECTIVE ORDER**<br><br>**[DKT. NO. 92]** |

### I.     BACKGROUND

On December 30, 2020, Plaintiffs filed a Second Amended Complaint alleging, in relevant part, that Defendants Ray Rothman and Alysia Rothman violated the Lanham Act, California's Unfair Competition Law and Consumer Legal Remedies Act, and committed fraudulent deceit for their "puppy laundering scheme." Dkt. No. 93 at 3.

On October 9, 2020, Plaintiff Petconnect Rescue, Inc., Maryland, propounded the following interrogatory to both Ray and Alysia Rothman: "[S]tate YOUR current residence address." Dkt. No. 92-3 at 11, 18. The Rothmans objected based on a right to privacy and refused to provide a substantive response unless the parties entered into a "protective order limiting the dissemination of [their] contact information." Dkt. No. 92-3 at 23, 29.

On December 9, 2020, the Court held a discovery conference regarding the Rothmans' response to the interrogatories at issue. Dkt. No. 87. On December 23, 2020, Defendants Ray Rothman and Alysia Rothman filed a Motion for Protective Order. Dkt. No. 92. On December 30, 2020, Plaintiffs filed an Opposition. Dkt. No. 94. For the foregoing reasons, the Court GRANTS the Rothmans' Motion.

## II.   LEGAL STANDARD

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party opposing disclosure has the burden of proving good cause, which requires a showing "that specific prejudice or harm will result if the protective order is not granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy" this requirement. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). "If a court finds particularized harm will result from disclosure of information to the public, it then balances the public and private interests to decide whether a protective order is necessary." *Sundby v. Marquee Funding Grp., Inc.*, No. 19-cv-00390-GPC (AHG), 2020 WL 4195071, at *3 (S.D. Cal. July 21, 2020) (citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3rd Cir. 1995)).

The Court has wide discretion to determine what constitutes a showing of good cause and to fashion a protective order that provides the appropriate degree of protection. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

## III.   DISCUSSION

The Rothmans argue that they are entitled to a protective order because the information sought implicates their privacy interests and, if used improperly, would subject them to "threats, assaults, disturbances[,] and embarrassment" by "animal rights activists and groups." Dkt. No. 92 at 5. Plaintiffs counter that the Rothmans have failed to make the requisite specific showing that their home address implicates privacy or safety concerns

and argue that the information sought "could benefit other litigants in [ ] other cases, as well as the general public." Dkt. No. 94 at 2.

### A. Particularized Harm

The Court finds that the Rothmans have shown a "particularized harm [that] will result from disclosure of information to the public." *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011). In support of their motion, the Rothmans submit declarations from Ray Rothman and Defendant David Salinas describing harassment they experienced from animal rights activists. Dkt. Nos. 92-1, 92-2. Mr. Salinas explains that in the past activist groups: (a) followed and tailgated his car; (b) placed signs in front of his former residence; (c) subscribed him to unwanted magazines and newspapers; (d) wrote death threats; (e) physically and verbally assaulted him, his wife, and his employees; and (f) vandalized his store. Dkt. No. 92-2 at 2–3. Additionally, Mr. Rothman attests to the dissemination of his former home address on the animal rights group "Bailing Out Benji" website. Dkt. No. 92-1 at 2. Under these circumstances, the Court finds that the Rothmans have shown particularized harm may result if their home address is publicly disseminated.

The Court is not persuaded by Plaintiffs' counter that Defendants fail to show a particularized harm because no "'threats' or 'harassment' . . . occurred in Missouri." Dkt. No. 94 at 2. And while Plaintiffs call into question Mr. Salinas' credibility, the Court cannot ignore the possibility that public dissemination of the Rothmans' home address might result in groups and individuals (who have not proclaimed their lack of interest in protesting as Plaintiffs have) acting in unforeseeable and potentially harmful and/or harassing ways.

/ /
/ /
/ /
/ /
/ /

**B. Balancing Factors**

Because the Court finds that Defendants have made a particularized showing of harm, the Court balances the public and private interests to decide if a protective order is necessary based on whether:

1. disclosure will violate any privacy interests;
2. the information is being sought for a legitimate purpose or for an improper purpose;
3. disclosure of the information will cause a party embarrassment;
4. confidentiality is being sought over information important to public health and safety;
5. the sharing of information among litigants will promote fairness and efficiency;
6. a party benefitting from the order of confidentiality is a public entity or official; and
7. the case involves issues important to the public.

*Glenmede Tr. Co.*, 56 F.3d at 483; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d at 424 (noting that courts in the Ninth Circuit apply *Glenmede*). Balancing the *Glenmede* factors, the Court finds that entering a protective order is appropriate.

The first *Glenmede* factor, "whether disclosure will violate any privacy interests," weighs in favor of the requested protective order. *Glenmede Tr. Co.*, 56 F.3d at 483. "Federal courts generally recognize a right of privacy that can be raised in response to discovery requests." *Allen v. Woodford*, No. 05-cv-1104-OWW-LJO, 2007 WL 309485, at * 6 (E.D. Cal. Jan. 30, 2007) (citations omitted). The Rothmans' current home address does not appear to be public information, and the Court finds they have a privacy interest in it. *See generally Brannam v. Fid. Direct Mortg., LLC*, No. 18-cv-3306- DKC, 2019 WL 2642832, at *2 (D. Md. June 27, 2019) (Because "Plaintiffs have demonstrated a fear for their safety that is supported by specific factual representations, Defendants have not

opposed Plaintiffs' request and disclosure of Plaintiffs' addresses is not essential to their claim's progression[,] . . . Plaintiffs will not be required to amend their complaint to include their addresses.") (internal citations omitted); *see also* CASD ECF Administrative Policies and Procedures Manual §1(h) (revised Sept. 15, 2020) (requiring redaction of home addresses from public filings).

As to the second factor ("whether the information is being sought for a legitimate purpose or an improper purpose," *Glenmede Tr. Co.*, 56 F.3d at 483), Plaintiffs explain public disclosure is necessary "to investigate our claims, trace orders for puppies and payments for same and check to see if the address was used to facilitate the scheme described in the Complaint." Dkt. No. 94-1 at 3. While the stated purpose is facially legitimate, the requested protective order would not frustrate this purpose. This factor, therefore, is neutral.

Regarding the third factor, "embarrassment," the Court finds the Rothmans have established that potential harassment and embarrassment may result from public dissemination of their home address. This factor weighs in favor of the requested protective order.

Fourth, the instant matter does not involve "public health and safety." *Glenmede Tr. Co.*, 56 F.3d at 483. Thus, this factor also weighs in favor of the requested protective order.

The fifth factor, fairness and efficiency among litigants, is not a consideration because all parties to this action will have access to the private information. This factor is neutral.

Sixth, the Rothmans are not public entities or officials. *See Shelley v. Cty. of San Joaquin*, No. 13-cv-0266-MCE-DAD, 2015 WL 2082370, at *6 (E.D. Cal. May 4, 2015) ("[W]e are more likely to require disclosure when a party benefitting from the order of confidentiality is a public entity or official.") (citing *LEAP Systems, Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 222 (3rd Cir. 2011)). This factor weighs in favor of the requested protective order.

Lastly, the seventh factor requires consideration of "whether the case involves issues important to the public." *Glenmede Tr. Co.*, 56 F.3d at 483. Plaintiffs claim that litigation enjoining pet stores from selling puppies often generates news reports and social media posts, thereby demonstrating the public's interest in these types of cases. *See* Dkt. No. 94 at 6. While this litigation may be of some public interest, the Court finds that the Rothmans' home address is not. This factor, therefore, is neutral.

Taking these factors together, the Court finds that entry of a protective order protecting further dissemination of the Rothmans' home address is warranted and strikes an appropriate balance between Plaintiffs' need to develop their case and the Rothmans' interest in protecting their privacy.

## IV.   CONCLUSION

For the foregoing reasons, the Rothmans' Motion for a Protective Order (Dkt. No. 92) is **GRANTED**. The Court directs the parties to jointly lodge (by email to efile_butcher@casd.uscourts.gov) a proposed protective order consistent with this order on or before **February 12, 2021**.

**IT IS SO ORDERED**.

Dated:  January 29, 2021

Honorable Daniel E. Butcher
United States Magistrate Judge