1  George R. Najjar, Esq. (SBN 163923)
   THE NAJJAR LAW FIRM
2  1901 First Avenue, First Floor
   San Diego, CA 92101
3  Tel.:   (619) 233-3445
   Fax.:   (619) 233-3446
4  Email: gnajjar1@san.rr.com

5  Attorney for Defendants Defendants David Salinas, and individual,
   and SoCal Puppy Adoptions, Inc., a California Corporation
6

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10 PETCONNECT RESCUE, INC., a          ) Case No.: 20-cv-527-H-DEB
   Maryland corporation; et al.,       )
11                                      ) **MEMORANDUM OF POINTS AND**
                                        ) **AUTHORITIES IN SUPPORT OF**
12              Plaintiffs,             ) **MOTION FOR SANCTIONS FOR**
                                        ) **VIOLATION OF PROTECTIVE ORDER**
13 v.                                   ) **[FED. R. CIV. P. 37 (b)]**
                                        )
14 DAVID SALINAS, an individual; et al.,) [JURY TRIAL DEMANDED]
                                        )
15              Defendants.             )
                                        )
16                                      ) Complaint Filed:     March 20, 2020
                                        ) Trial Date:          Not Set
17                                      )
                                        )
18                                      )
                                        ) Judge:               Marilyn L. Huff
19                                      ) Magistrate Judge:    Daniel E. Butcher
                                        )
20                                      )
                                        )
21                                      ) Date:        TBD
                                        ) Time:        TBD
22 _____) Courtroom:   3A

23          Defendants David Salinas, and individual ("Salinas"), and SoCal Puppy Adoptions, Inc., a

24 California Corporation ("SoCal Puppy"), hereby submit their Memorandum of Points and Authorities

25 in Support of Motion for Sanctions as against Plaintiff's counsel Bryan W. Pease, Esq. ("Attorney

26 Pease") for violation of the Protective Order ("Protective Order") issued March 12, 2021.

27 ////

28 ////

                                1

_____

        **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
     **MOTION FOR SANCTIONS FOR VIOLATION OF PROTECTIVE ORDER**

# I

## **STATEMENT OF FACTS**

On March 12, 2021, the Court, the Honorable Daniel E. Butcher, presiding, issued a Protective Order ("Protective Order") identifying "the home addresses of all individual parties in this action, and the home addresses of the principals, board members, officers, employees and authorized agents of the business entity parties in this action" as "confidential material" subject to the provisions of the Protective Order. Attorney Pease is bound by the Protective Order.[1]

On May 28, 2021, Plaintiff SCDR, INC., d/b/a SECOND CHANCE DOG RESCUE, a California corporation, propounded Interrogatories (Set One) to SoCal Puppy.

On August 9, 2021, SoCal Puppy served Supplemental Responses to the Interrogatories ("SoCal Puppy Responses"). The SoCal Puppy Responses are designated "CONFIDENTIAL – FOR COUNSEL ONLY" as they contain the home addresses of an individual party in this action, Ricardo Pena, and the home addresses of four (4) officers and directors of SoCal Puppy.

On October 19, 2021, Salinas appeared ex parte in San Diego Superior Court case number 37-2019-00065377-CU-BT-CTL, *Animal Rescue and Protection League, Inc., et al., v. Salinas, et al.* ("Superior Court case"), for an order granting defendants leave in that matter to file a Motion for Summary Judgment. The ex parte application was granted.[2]

On October 18, 2021, the day before the ex parte hearing, Attorney Pease filed his Declaration of Bryan Pease, Esq., in Response to Defendants' Ex Parte Application. This document is recorded as Superior Court Register of Actions item number 235. The Pease Declaration states at p.2, para.3, and p.6, para.12, that Plaintiffs did not oppose Defendants' ex parte application. The Pease Declaration noted as its primary concern the preservation of the preliminary injunctions in effect, which were neither mentioned in nor subject of the ex parte application.[3]

---

[1].      Protective Order, p.2, para.3. Attached hereto as Exhibit A is a true and accurate copy of the Protective Order. *See*, Declaration of George R. Najjar, Esq., in Support of Motion for Sanctions for Violation of Protective Order, p.2, para.2 ("Najjar Declaration").

[2]      Najjar Declaration, p.2, para.3.

[3].      Najjar Declaration, p.2, para.4.

2

1    Attached to the Pease Declaration are three (3) objectionable exhibits totaling nineteen (19)

2   pages. The exhibit relevant to the instant motion is attached Exhibit 3, the SoCal Puppy Responses

3   marked as "CONFIDENTIAL – FOR COUNSEL ONLY" pursuant to the Protective Order.

4    The SoCal Puppy Responses, attached to the Pease Declaration as Exhibit 3, has nothing to

5   do with the Superior Court case. The Pease Declaration, p.5 para.10, falsely states that the board

6   member names identified therein are witnesses in this matter. No discovery responses by any party

7   to this lawsuit identify those board members, of a perfectly legitimate non-profit animal rescue, as

8   witnesses. Only Defendant Richard Pena, whose information was also outed in the SoCal Puppy

9   Responses, is a named witness.[4]

10    Attaching the SoCal Puppy Responses to the Pease Declaration and filing it in the Superior

11  Court case violates the wording and spirit of the Protective Order. Specifically, Attorney Pease

12  violated at least three (3) paragraphs contained in the Protective Order.

13    The Protective Order, at p.3-4, para.7, states, "All confidential information designated as

14  'CONFIDENTIAL' or 'CONFIDENTIAL – FOR COUNSEL ONLY' must not be disclosed by the

15  receiving party to anyone other than those persons designated within this order and must be handled

16  in the manner set forth below an, in any event, must not be used for any purpose other than in

17  connection with this litigation, unless and until such designation is removed either by agreement of

18  the parties, or by order of the Court."

19    The SoCal Puppy Responses are designated "CONFIDENTIAL – FOR COUNSEL ONLY."

20  This designation has not been removed either by agreement of the parties or by order of the Court.

21  No agreement of the parties or order of the Court exists to allow these responses to be used in

22  connection with any litigation other than this federal action. The SoCal Puppy Adoptions

23  Interrogatory Responses bear no relevance to the Superior Court case. The Pease Declaration, p.5

24  para.10, falsely states that the board member names identified therein are witnesses in that matter.

25  No discovery responses by any party to that lawsuit identify those board members, of a perfectly

26  legitimate non-profit animal rescue, as witnesses in the Superior Court case except for Richard Pena,

27

28
_____
[4].    Najjar Declaration, p.2 para.5.

_____
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR SANCTIONS FOR VIOLATION OF PROTECTIVE ORDER**

1  a party to this action, whose information was also wrongfully outed in the Pease Declaration. There
2  was no need to disclose and permanently memorialize any of this information through a public record
3  filing. The Pease Declaration violates Protective Order, paragraph 7.[5]

4  The Protective Order, at Order, p.4, para.8, lns.3-5. states, "Information designated
5  'CONFIDENTIAL – FOR COUNSEL ONLY' must be viewed only by counsel (as defined in
6  paragraph 3) of the receiving party, court personnel, and independent experts under the conditions
7  set forth in this Paragraph." The Pease Declaration violates this provision.

8  The Protective Order, p.5, para.12, lns.4-8."Before any unredacted materials produced in
9  discovery, answers to interrogatories, responses to requests for admission, deposition transcripts, or
10  other documents designated as confidential information are filed with the Court for any purpose, the
11  party seeking to file such material must seek permission of the Court to file the material under seal."

12  The redactions on the SoCal Puppy Adoption Interrogatory Responses were not made by
13  Defendants or the Responding Party – they were made presumably by Attorney Pease prior to filing
14  the document as Exhibit 3 to the Pease Declaration. Plaintiff did not seek permission of the Court to
15  file the SoCal Puppy Responses in the Superior Court action. Plaintiff did not seek permission of
16  Defendants to file the SoCal Puppy Responses with Plaintiff's proposed redactions. Plaintiff did not
17  seek permission of the Court to file the SoCal Puppy Responses under seal in any action. Plaintiff just
18  brazenly blackened the street portion of the board members' and Mr. Pena's addresses, then filed the
19  SoCal Puppy Responses for the entire world to know which cities these individuals live in. With this
20  information, animal rights activists can easily locate the homes of the named individuals. This is
21  exactly the type of harm the Protective Order seeks to prevent.[6] The Pease Declaration violates
22  Protective Order, paragraph 12.

23  ////
24  ////
25  ////

26
27  [5].  Najjar Declaration, p.3, para.6.
28  [6].  Najjar Declaration, p.3, para.7.

4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR SANCTIONS FOR VIOLATION OF PROTECTIVE ORDER**
20-cv-527-H-DEB

The SoCal Puppy Responses are irrelevant to the Superior Court action, and most certainly irrelevant to the ex parte application for leave to file a motion for summary judgment. The justification for its inclusion is false. Its filing in the Superior Court case violates the terms of the Protective Order. Therefore, Salinas and SoCal Puppy requests the Court to  impose sanctions as against Attorney Pease in favor of Salinas, who has incurred consequential damages, and on behalf of the individuals whose confidential information was intentionally, publicly disclosed.

## II

## DISCUSSION

Willful violation of any court order, including a protective order, may be punishable as a contempt or be sanctioned under the court's inherent power. Scott v. Chuhak & Tecson, P.C., 725 F.3d 772, 779-780.[7] Sanctions for violation of a protective order are available pursuant to Fed. R. Civ. P. 37 (b). United States v. National Medical Enterprises, Inc., 792 F.2d 906, 910 (9th Cir., 1986).

It can be safely assumed that Attorney Pease intentionally attached Exhibit 3 to the Pease Declaration on his own accord, at his own risk, and for his own purposes. Defendants doubt any of the Plaintiffs knew about the intention to violate the Protective Order. Whatever the purposes are, attaching Exhibit 3 to the Pease Declaration is a flagrant bad faith violation of the Protective Order and displays callous disregard for protection of the confidential information contained in the SoCal Puppy Responses. Consequently, the imposition of sanctions is warranted. National Hockey League et al., v. Metropolitan Hockey Club, Inc., et al., 427 U.S. 639, 643 (1976).

Meet and Confer Efforts: On October 22, 2021, Defendants' counsel telephoned Attorney Pease to meet and confer regarding Plaintiff voluntarily withdrawing the Pease Declaration in lieu of Defendant Salinas having to file his motion to strike in Superior Court. Attorney Pease did not answer, so counsel left a detailed message as to the purpose of his call. Defendants' counsel thereafter followed with a email message memorializing his telephonic message. Attorney Pease responded by

---

[7].     Magistrate judges have the authority to refer contempt charges to the District Court judge pursuant to 28 U.S.C. § 636 (e). Grimes v. City and County of San Francisco, 951 F. 2d 236, 240 (9th Cir, 1991).

email, stating that Plaintiff would not voluntarily withdraw the Pease Declaration.[8]

The purposes for the Pease Declaration are obvious: (1) to make a gratuitous public record of matters that would otherwise not be memorialized in any court's records, (2) to record permanent, public fodder for the animal rights industry to reference and re-publish, (3) to memorialize in a different tribunal confidential material protected by the Protective Order, and (4) to disclose as much information as necessary for a legion of animal rights activists to protest or otherwise harass in their own homes those protected by the order. However, as to the *unopposed* ex parte application for which the Pease Declaration was filed, the matter contained therein is irrelevant, improper, argumentative, prejudicial, gratuitous, conclusory and violative of the Protective Order. Consequently, Salinas filed his motion to strike the Pease Declaration in the Superior Court case.

Compensatory Damages: Salinas filed a motion to strike the Pease Declaration in the Superior Court, presently calendared to be heard on April 15, 2022. Salinas has also calendared an ex parte hearing to be heard on November 9, 2021, for an order shortening time for hearing on the motion to strike, given the exigent nature of the need to strike the Pease Declaration.[9] Attorney fees and costs are not available for motions to strike filed pursuant to Code Civ. Proc., §§ 436 and 437. However, compensatory damages are recoverable for violation of a protective order. United States v. National Medical Enterprises, Inc., supra, 792 F.2d at 910.

The attorney fees and costs incurred to strike the Pease Declaration for violation of the Protective Order total $3,275.00.[10] Salinas requests the Court award him this amount as a portion or sanctions imposed as against Attorney Pease.

////

////

////

////

---

[8].    Attached hereto as Exhibit C is a true and accurate copy of the email chain between Attorney Pease and Attorney Najjar, dated October 22, 2021. Najjar Declaration, p.3 para.8.

[9].    Najjar Declaration, p.3, para.9.

[10].    Najjar Declaration, p.4, para.10.

6

---

III

<u>**CONCLUSION**</u>

Therefore, based upon the above points and authorities, the notice of motion and motion, and the Najjar Declaration, Defendants David Salinas and SoCal Puppy Adoptions, Inc., request the Court impose sanctions against Bryan W. Pease, Esq., a portion of which includes the amount of $3,275.00 as compensatory damages, for violation of the Protective Order dated March 12, 2021.

Respectfully submitted,

THE NAJJAR LAW FIRM

Dated: October 28, 2021                   s/George R. Najjar
                                          George R. Najjar, Esq.
                                          Attorney for Defendants
                                          Email: gnajjar1

7