George R. Najjar, Esq. (SBN 163923)
THE NAJJAR LAW FIRM
1901 First Avenue, First Floor
San Diego, CA 92101
Tel.:   (619) 233-3445
Fax.:  (619) 233-3446
Email: gnajjar1@san.rr.com

Attorney for Defendants Defendants David Salinas, and individual, and SoCal Puppy Adoptions, Inc., a California Corporation

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETCONNECT RESCUE, INC., a Maryland corporation; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID SALINAS, an individual; et al.,<br><br>Defendants. | Case No.: 20-cv-527-H-DEB<br><br>**DECLARATION OF GEORGE R. NAJJAR, ESQ., IN SUPPORT OF MOTION FOR SANCTIONS FOR VIOLATION OF PROTECTIVE ORDER [FED. R. CIV. P. 37 (b)]**<br><br>[JURY TRIAL DEMANDED]<br><br>Complaint Filed:  March 20, 2020<br>Trial Date:            Not Set<br><br>Judge:                  Marilyn L. Huff<br>Magistrate Judge:  Daniel E. Butcher<br><br>Date:         TBD<br>Time:        TBD<br>Courtroom:  3A |

I, GEORGE R. NAJJAR, declare:

1.  I am an attorney at law, licensed to practice in the state of California and admitted to practice in the United States District Court, Southern District of California. I am attorney of record in this action for moving parties Defendants David Salinas, an individual, and SoCal Puppy Adoptions, Inc., a California corporation. If so asked, I would competently testify as follows.

////

1

2. On March 12, 2021, the Court, the Honorable Daniel E. Butcher, presiding, issued a Protective Order ("Protective Order") identifying "the home addresses of all individual parties in this action, and the home addresses of the principals, board members, officers, employees and authorized agents of the business entity parties in this action" as "confidential material" subject to the provisions of the Protective Order. Attorney Pease is bound by the Protective Order. Attached hereto as Exhibit A is a true and accurate copy of the Protective Order.

3. On October 19, 2021, Salinas appeared ex parte in San Diego Superior Court case number 37-2019-00065377-CU-BT-CTL, *Animal Rescue and Protection League, Inc., et al., v. Salinas, et al.* ("Superior Court case"), for an order granting defendants leave in that matter to file a Motion for Summary Judgment. The ex parte application was granted. The Superior Court case is one of numerous puppy cases filed in multiple jurisdictions by Attorney Pease, many of which named Salinas as a defendant. Attorney Pease is the Chief Executive Officer of Superior Court case Plaintiff Animal Rescue and Protection League, Inc.

4. Concurrently submitted by email to the Court is as Exhibit B is a true and accurate copy of the Declaration of Bryan Pease, Esq. in Response to Defendants' Ex Parte Application, dated October 18, 2021 ("Pease Declaration"), filed in the Superior Court case as Register of Actions item number 235. On October 18, 2021, the day before the ex parte hearing, Attorney Pease filed the Pease Declaration. The Pease Declaration states at p.2, para.3, and p.6, para.12, that Plaintiffs did not oppose Defendants' ex parte application. The Pease Declaration noted as its primary concern the preservation of the preliminary injunctions in effect, which were neither mentioned in nor subject of the ex parte application.[1]

5. The SoCal Puppy Responses, attached to the Pease Declaration as Exhibit 3, has nothing to do with the Superior Court case. The Pease Declaration, p.5 para.10, falsely states that the board member names identified therein are witnesses in this matter. No discovery responses by any party to this lawsuit identify those board members, of a perfectly legitimate non-profit animal rescue, as witnesses. Only Defendant Richard Pena, whose information was also outed in the SoCal Puppy

---

[1]. Exhibit B is not attached to this declaration, a public record, due to the sensitivity of the protected information contained therein, and the express restrictions of the Protective Order.

2

**DECLARATION OF GEORGE R. NAJJAR, ESQ., IN SUPPORT OF
MOTION FOR SANCTIONS FOR VIOLATION OF PROTECTIVE ORDER**
20-cv-527-H-DEB

1 | Responses, is a named witness.

2 |      6.    The SoCal Puppy Adoptions Interrogatory Responses, attached to the Pease Declaration as Exhibit 3, are designated "CONFIDENTIAL – FOR COUNSEL ONLY." This designation has not been removed either by agreement of the parties or by order of the Court. No agreement of the parties or order of the Court exists to allow these responses to be used in connection with any litigation other than this Federal action. The SoCal Puppy Adoptions Interrogatory Responses bear no relevance to the Superior Court case. The Pease Declaration, p.5 para.10, falsely states that the board member names identified therein are witnesses in that matter. No discovery responses by any party to that lawsuit identify those board members, of a perfectly legitimate non-profit animal rescue, as witnesses in the Superior Court case except for Richard Pena, a party to this action, whose information was also wrongfully outed in the Pease Declaration. There was no need to disclose and permanently memorialize any of this information through a public record filing.

     7.    The redactions on the SoCal Puppy Adoption Interrogatory Responses were not made by Defendants or the Responding Party – they were made presumably by Attorney Pease prior to filing the document as Exhibit 3 to the Pease Declaration. Plaintiff did not seek permission of the Court to file the SoCal Puppy Adoptions Responses in the Superior Court action. Plaintiff did not seek permission of Defendants to file the responses with Plaintiff's proposed redactions. Plaintiff did not seek permission of the Court to file the SoCal Puppy Adoptions Interrogatory Responses under seal in any action. Plaintiff just brazenly blackened the street portion of the board members' and Mr. Pena's addresses, then filed it for the entire world to know which cities in which these individuals live. From there, it should be no problem for animal rights activists to locate the homes of the named individuals. This is exactly the type of harm the Protective Order seeks to prevent.

     8.    <u>Meet and Confer</u>. On October 22, 2021, I telephoned Attorney Pease to meet and confer regarding Plaintiff voluntarily withdrawing the Pease Declaration in lieu of Defendant Salinas being required to file a motion to strike in Superior Court. Attorney Pease did not answer, so I left a detailed message as to the purpose of my call. I thereafter followed with a email message memorializing my telephonic message. Attorney Pease responded to my email, and stated that Plaintiff would not voluntarily withdraw the Pease Declaration. Attached to this declaration as

3

1  Exhibit B is a true and accurate copy of the email chain between Attorney Pease and me, dated
2  October 22, 2021.
3      9.    Salinas filed a motion to strike the Pease Declaration in the Superior Court, presently
4  calendared to be heard on April 15, 2022, due to the confidential information therein subject to the
5  Protective Order. Salinas has also calendared an ex parte hearing to be heard on November 9, 2021,
6  for an order shortening time for hearing on the motion to strike, given the exigent nature of the need
7  to strike the Pease Declaration.
8      10.   I expended five (5) hours attorney time drafting the Motion to Strike the Pease
9  Declaration in the Superior Court. I anticipate incurring one (1) hour preparing the reply brief, and
10 one (1) hour at the hearing. I anticipate incurring one (1) hour preparing the ex parte application for
11 order shortening time,, and one (1) hour appearing at the ex parte hearing. My normal billing rate is
12 $295.00 per hour. Nine (9) hours at $295 per hour equals $2,655.00 in anticipated reasonable attorney
13 fees incurred in seeking to strike the Pease Declaration from the Superior Court files. The motion to
14 strike court fee is $60.00, which was paid. The ex parte application court fee is $60.00, which will
15 be paid upon the filing of the ex parte papers. Court reporter fees in the approximate amount of five
16 hundred dollars ($500.00) are also reasonably anticipated. Therefore, Salinas has incurred $3,275.00
17 in compensatory damages.
18     I swear under penalty of perjury under the laws of the United States of America and the state
19 of California that the foregoing is true and correct, dated October 28, 2021.

George R. Najjar, Esq.
Attorney for Defendants
Email: gnajjar1

4

**DECLARATION OF GEORGE R. NAJJAR, ESQ., IN SUPPORT OF
MOTION FOR SANCTIONS FOR VIOLATION OF PROTECTIVE ORDER**
20-cv-527-H-DEB

# EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETCONNECT RESCUE, INC., et al.,<br><br>                     Plaintiffs,<br><br>v.<br><br>DAVID SALINAS, et al.,<br><br>                     Defendants. | Case No.: 20-cv-527-H (DEB)<br><br>**PROTECTIVE ORDER** |

**DEFINITIONS**

1. The term "confidential information" shall mean the home addresses of all individual parties in this action, and the home addresses of the principals, board members, officers, employees and authorized agents of the business entity parties in this action, and shall include such confidential information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2. The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other

1

1  matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks;
2  contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk
3  diaries; appointment books; expense accounts; recordings; photographs; motion pictures;
4  compilations from which information can be obtained and translated into reasonably usable
5  form through detection devices; sketches; drawings; notes (including laboratory notebooks
6  and records); reports; instructions; disclosures; other writings; models and prototypes and
7  other physical objects.

8      3. The term "counsel" will mean counsel of record, and other attorneys, paralegals,
9  secretaries, and other support staff employed in the law firms identified to date as follows:

10      Bryan W. Pease, Esq., LAW OFFICES OF BRYAN W. PEASE;
11      John T. Maher, Esq., LAW OFFICES OF JOHN T. MAHER; and
12      George R. Najjar, Esq., THE NAJJAR LAW FIRM.

13      For purposes of this Protective Order, the term "counsel" shall also mean and include
14  all parties appearing in propria persona in this action and any person or entity acting upon
15  their behalf, identified to date as follows:

16      Anita Chavira, an individual in propria persona for Defendant Temecula Puppies.

17  **II.   GENERAL RULES**

18      4. Each party to this litigation that produces or discloses any materials, answers to
19  interrogatories, responses to requests for admission, trial testimony, deposition testimony,
20  and transcripts of trial testimony and depositions, or information that the producing party
21  believes should be subject to this Protective Order may designate the same as
22  "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

23      5. In the event the producing party elects to produce materials for inspection, no
24  marking need be made by the producing party in advance of the initial inspection. For
25  purposes of the initial inspection, all materials produced will be considered as
26  "CONFIDENTIAL – FOR COUNSEL ONLY" and must be treated as such pursuant to the
27  terms of this Order. Thereafter, upon selection of specified materials for copying by the
28  inspecting party, the producing party must, within a reasonable time prior to producing

those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

6. Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

    a. the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings. A party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

    b. the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, any party designated independent expert (pursuant to paragraph 8, below); any party to the case; and,

    c. the originals of the deposition transcripts and unredacted copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7. All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other

than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8. Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, court personnel, and independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any confidential information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert in advance of providing any confidential information of the producing party to the expert. Any objection by the producing party to an independent expert receiving confidential information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld.

9. Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts, by court personnel, by parties to the case, and by any additional individuals, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms. Any objection by the producing party to an additional individual receiving confidential information must be made in writing within fourteen (14) days following receipt of the identification of the proposed additional individual.

10. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author, or a recipient of a copy of the document, may be shown the same.

11. All information that has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel

for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12. Before any unredacted materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal. No party may file any document under seal, except pursuant to a court order that authorizes the filing of the document, or portion of the document, under seal. A sealing order will issue only upon a showing that the information is privileged or protectable under the law. The party seeking to file under seal must limit its sealing request to the specific portion of the document that contains the confidential or privileged material.

13. At any stage of the proceedings, any party may object to a designation of materials as confidential information. The objecting party must notify the designating party, in writing, of the materials objected to and the ground(s) for the objection. Thereafter, lead counsel (or attorneys with full authority to make decisions and bind the client without later seeking approval from a supervising attorney) must promptly meet and confer, pursuant to Local Rule 26.1.a. If the dispute is not resolved within seven (7) days of receipt the objections, and after counsel have thoroughly and completely met and conferred, the parties must place a joint call to the assigned magistrate judge's chambers to explain the dispute and the parties' respective positions. The materials at issue must be treated as confidential until the Court has ruled on the objection or the matter has been otherwise resolved.

14. All confidential information must be held in confidence by those inspecting or receiving it and must be used only for purposes of this action. Counsel and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible

for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL," "CONFIDENTIAL – FOR COUNSEL ONLY," or "SUBJECT TO PROTECTIVE ORDER."

17. Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the ground that the material is protected as privileged or as attorney work product. Any party which objects to the production of any discovery material on the ground that the material is protected as privileged shall comply with the requirements of Federal Rule of Civil Procedure 26(c)(5) and any local and chambers rules.

18. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

19. This Order is without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20. Nothing within this order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of any court of competent jurisdiction.

21. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all unredacted confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

22. The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

23. The restrictions and obligations within this order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

24. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

25. This Order may be modified by agreement of the parties, subject to approval by the Court.

26. The Court may modify the protective order in the interest of justice or for public policy reasons.

**IT IS SO ORDERED**.

Dated: March 12, 2021

_____
Honorable Daniel E. Butcher
United States Magistrate Judge

# REDACTED

Declaration of Bryan Pease, Esq. in Response to Defendants' Ex Parte Application, dated October 18, 2021, submitted by email to the Court is as Exhibit B

# EXHIBIT B

# **EXHIBIT C**

Case 3:20-cv-00527-RSH-DEB   Document 146-2   Filed 10/28/21   PageID.2587   Page 16 of 16

Re: Meet and Confer - Voluntarily Withdraw Your Ex Parte Declaration     mailbox:///C:/Users/gnajj/AppData/Roaming/Thunderbird/Prof...

**Subject:** Re: Meet and Confer - Voluntarily Withdraw Your Ex Parte Declaration
**From:** Bryan Pease <bryan@bryanpease.com>
**Date:** 10/22/2021, 2:39 PM
**To:** gnajjar1 <gnajjar1@san.rr.com>
**CC:** John Maher <johntmaher@yahoo.com>, David Tenenbaum <g.davidtenenbaum@gmail.com>

Hi George,

The Court did not "authorize" you to do anything. Rather, Judge Sturgeon rejected your request made orally to strike my declaration, and told you that any such request should be made by noticed motion. That does not mean there are grounds for such an absurd request. The ex parte is over, the unopposed relief to move the trial date was granted, and there is not a way to now go back and "remove" something from the Court file. That just doesn't happen.

Further, the declaration was necessary to refute your many misrepresentations made in your ex parte application. If you don't want me to refute your constant lies, there is an easy solution: stop lying all the time about everything.

-b


On Fri, Oct 22, 2021 at 12:31 PM gnajjar1 <gnajjar1@san.rr.com> wrote:
> Hello, Bryan.
>
> The Court authorized me to file a Motion to Strike the Declaration of Bryan Pease, Esq., in Response to Defendants' Ex Parte Request. Prior to filing the motion, I am requesting that you voluntarily remove the pleading from the record. I just left you a telephonic message to the same effect. The matter stated therein and the exhibits attached are clearly irrelevant, improper, argumentative, at times false, prejudicial in effect, and conclusory.
>
> Please let me know as soon as possible if you will voluntarily remove your declaration from the court's record and Register of Actions (Item 235).
>
> Thank you.
>
> George Najjar
> (619) 233-3445