1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

PETCONNECT RESCUE, INC., a
Maryland corporation; LUCKY PUP
DOG RESCUE.COM, a California
corporation; SCDR, Inc. d/b/a Second
Chance Dog Rescue, a California
corporation, and SARAH GONZALEZ,
an individual,

                                      Plaintiffs,

v.

DAVID SALINAS, an individual;
VERONICA SALINAS, an individual;
RICHARD ROBLES PENA, an
individual; VIRGO CASTRO ZUSA a/k/a
MARCO ANTONIO GARCIA, an
individual; BRIAN MOHRFELD, an
individual; SELECT PUPPIES, INC., an
Iowa corporation; RED ROCK
ENTERPRISES OF UTAH, INC., a Utah
corporation; THE PUPPY STORE, LLC,
a Wyoming limited liability company;
YELLOW STORE ENTERPRISES, LLC,
a Wyoming limited liability company;
NATIONAL CITY PUPPY, LLC, a
California limited liability company;
SOCAL PUPPY ADOPTIONS, INC., a

Case No.:  20-cv-00527-H-DEB

**ORDER DENYING MOTION TO
DISMISS AND CHALLENGE TO
STANDING BY DEFENDANTS
BRIAN MOHRFELD AND SELECT
PUPPIES, INC.**

[Doc. Nos. 137.]

1

California corporation; PET CONNECT
RESCUE, INC., a Missouri corporation;
ALYSIA ROTHMAN, an individual;
RAY ROTHMAN, an individual; THE
FANCY PUPPY, LLC, a California
limited liability company; THE PUPPY
STORE LAS VEGAS, LLC, a Nevada
limited liability company; PUPPIES 4
LESS, a business entity of form unknown;
ANITA CHAVIRA, an individual; JOHN
DUHAMMEL, an individual; JASON
DUHAMMEL, a/k/a JASON
HUIHAMMEL, an individual; and DOES
1-10,

                                   Defendants.

Before the Court is a motion to dismiss filed by Defendants Brian Mohrfeld and Select Puppies, Inc. ("Select") (collectively, the "Moving Defendants").  (Doc. No. 137.)  This is the fourth motion to dismiss that the Court has considered in this matter and the first since Plaintiffs filed their Second Amended Complaint ("SAC").[1]  Plaintiffs added one plaintiff, SCDR, Inc., d/b/a Second Chance Dog Rescue ("SCDR"), and four defendants, including the Moving Defendants, to the case through their SAC.  (Doc. No. 93.)  Plaintiffs allege trademark infringement and dilution under the Lanham Act and California common law, false advertising in violation of the Lanham Act, unfair business practices under California's Unfair Competition Law, violations of California's Consumer Legal Remedies Act, fraudulent deceit, and a claim for an accounting.

The Moving Defendants filed their motion to dismiss on September 17, 2021.  (Doc. No. 137.)  Plaintiffs filed their response in opposition on October 25, 2021.  (Doc. No. 144.)  Moving Defendants filed their reply on October 28, 2021.  (Doc. No. 145.)  The

---

[1] Although the SAC was filed on December 30, 2020, Plaintiffs represent that they "were only recently able to locate and serve" the Moving Defendants "at their newly discovered address[.]"  (Doc. No. 144 at 2.)

2

Court held a hearing on the motion on November 8, 2021.  Mr. Patrick J. Stark appeared on behalf of the Moving Defendants, Mr. Bryan W. Pease appeared on behalf of the Plaintiffs, and Mr. George R. Najjar appeared on behalf of the remaining Defendants. Upon consideration of the parties' arguments, the Court denies the motion for the following reasons.

## **Background**

Plaintiffs are animal rescue organizations and an individual consumer alleging that the Defendants import non-rescue dogs into California and sell these dogs under the fraudulent misrepresentation that the dogs are rescued animals.  (SAC ¶¶ 1-2.)  Plaintiffs Petconnect Rescue, Inc. ("Petconnect"), Lucky Dog Rescue.com ("Lucky Dog"), and SCDR (collectively, the "Organizational Plaintiffs") allege that the Defendants adopted or used their names and marks to disguise the sale of non-rescue dogs and to bolster their reputations.  (Id. ¶¶ 1-3, 98-116.)  Plaintiff Sarah Gonzalez alleges that she was defrauded into purchasing a non-rescue dog from the Defendants.  (Id. ¶¶ 147-50.)

Defendants Alysia Rothman and Ray Rothman operate Defendant Pet Connect Rescue, Inc., an entity based in Missouri (collectively, the "Rothman Defendants").  (Id. ¶¶ 22-24.)  Plaintiffs allege that the Rothman Defendants broker the sale of dogs bred for profit from "puppy mills" in the Midwest to pet stores in southern California.  (Id. ¶¶ 1-5.) Plaintiffs claim that these pet stores resell these dogs under the "Pet Connect Rescue" label in order to mislead customers into believing that they are purchasing a rescue dog. Gonzalez alleges that she is one of these misled customers.  (Id. ¶¶ 147, 149.)  She purchased a dog labeled as a "Pet Connect Rescue" on December 15, 2019. (Id.)  Gonzalez was "specifically seeking out a rescue puppy" and did not intend to purchase from a "puppy mill[] or mass breeding operation[.]"  (Id. ¶ 148.)

Plaintiffs further allege that the Moving Defendants "knowingly and willfully act[] as accomplices to all other Defendants to evade various laws and defraud consumers into believing they are 'adopting' a 'rescue' animal[.]"  (Id. ¶¶ 16, 135.)  Plaintiffs claim that Select is "one of the largest brokers of puppy mill puppies in the United States" and that

3

Mohrfeld is its owner and operator. (Id. ¶¶ 5, 16.) Defendant Ray Rothman is a manager for Select. (Id. ¶ 5.) According to the Plaintiffs, on May 19, 2020, "volunteer activists documented a delivery truck with an Iowa license plate dropping off puppies at Pups & Pets in Santee.[2] The license plate traced back directly to [Select]." (Id. ¶ 46.) Plaintiffs represent that the Rothman Defendants stated in declarations that "puppies labeled 'Pet Connect Rescue' were delivered to stores in a truck owned by [Select]." (Id.) Notably, the Rothman Defendants also stated that the truck was only used for transportation and that the transported dogs were rescues. (Id.) Plaintiffs allege that the Moving Defendants and the Rothman Defendants are engaging "in the exact same scheme in Chicago" in violation of a city ordinance that is equivalent to California's ban. (Id. ¶ 49.)

After the "Pet Connect Rescue" name came under scrutiny, several of the Defendants allegedly created Defendant SoCal Puppy Adoptions, Inc. ("SoCal Puppy") as "another pass-through entity to launder puppy mill puppies fraudulently labeled as rescues." (Id. ¶ 98.) Plaintiffs allege that SoCal Puppy operates a website that has "similar stock art and the same generic language" as the "fake" Pet Connect Rescue, Inc. website operated by the Rothman Defendants. (Id. ¶ 99.) The SoCal Puppy website purportedly claims, "[w]e support our local shelters with donations." (Id.) SoCal Puppy has listed Lucky Pup and SCDR as organizations that it supports. (Id.) Lucky Pup and SCDR allege that SoCal Puppy used their names and marks without permission and to their detriment. (Id. ¶¶ 100-106.)

**Discussion**

**I. Legal Standard**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42

---

[2] Pups & Pets is allegedly a pet store in Santee, California that sells non-rescue dogs under the "Pet Connect Rescue" label. (SAC ¶ 37.)

4

(9th Cir. 2011). In reviewing a Rule 12(b)(6) motion to dismiss, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). The plaintiff must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u> "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citation omitted). Still, "[d]ismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." <u>Mendiondo v. Centinela Hosp. Med. Ctr.</u>, 521 F.3d 1097, 1104 (9th Cir. 2008).

In reviewing the plausibility of a complaint on a motion to dismiss, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." <u>Manzarek v. St. Paul Fire & Marine Ins. Co.</u>, 519 F.3d 1025, 1031 (9th Cir. 2008). But courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." <u>In re Gilead Scis. Secs. Litig.</u>, 536 F.3d 1049, 1055 (9th Cir. 2008).

## II. Analysis

The Moving Defendants argue that Plaintiffs fail to allege sufficient facts to bring their state and federal claims specifically against the Moving Defendants and that the Organizational Plaintiffs lack standing to bring a claim under California's Unfair Competition Law. (Doc. No. 137 at 5-17.)

### A. Lanham Act Claims

Plaintiff Petconnect alleges violations of Sections 32 and 43(a) of the Lanham Act and the violation of the Lanham Act through trademark and/or service mark dilution against all Defendants. (SAC ¶¶ 50-96.) Plaintiffs Lucky Pup and SCDR allege a violation of Section 43(a) of the Lanham Act against all Defendants. (<u>Id.</u> ¶¶ 97-121.) All Plaintiffs allege false advertising in violation of Section 43(a) of the Lanham Act against all Defendants. (<u>Id.</u> ¶¶ 183-88.) The Moving Defendants seeks dismissal of each of these

5

claims on the basis that the Plaintiffs fail to allege facts sufficient to state a claim specific to the Moving Defendants.  (Doc. No. 137 at 5-9, 16-17.)

The Lanham Act, 15 U.S.C. § 1051 <u>et seq.</u>, "creates a comprehensive framework for regulating the use of trademarks and protecting them against infringement, dilution, and unfair competition."  <u>Gordon v. Drape Creative, Inc.</u>, 909 F.3d 257, 263 (9th Cir. 2018) (quoting <u>Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.</u>, 618 F.3d 1025, 1030 (9th Cir. 2010)).  To show trademark infringement, Plaintiffs must prove: (1) that they have "a valid, protectable trademark" and (2) the "defendant's use of the mark is likely to cause confusion."  <u>Gordon</u>, 909 F.3d at 263 (quoting <u>S. Cal. Darts Ass'n v. Zaffina</u>, 762 F.3d 921, 929 (9th Cir. 2014)).

Plaintiffs' Lanham Act claims stem from the alleged use of the Organizational Plaintiffs' trademarks by the Defendants without authorization:

    **i.**     **Count One of the SAC:** Defendants allegedly violated Section 32 of the Lanham Act, 15 U.S.C. § 1114, by "us[ing] in commerce [Petconnect's trademark] . . . in connection with the sale, offering for sale, distribution . . . of any goods or services . . . in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive[.]"

    **ii.**    **Counts Two, Four, and Ten of the SAC:** Defendants allegedly violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by "us[ing] in commerce any word, term, name, symbol . . . or any false designation of origin, false, or misleading description of fact, or false or misleading representation of fact, which (A) is likely to cause confusion, or to cause mistake, or to deceive as to . . . the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities[.]"

    **iii.**    **Count Three of the SAC:** Defendants allegedly violated Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), by "commenc[ing] use of [Petconnect's mark] in commerce that is likely to cause dilution by blurring or dilution by tarnishment of [Petconnect's] famous mark."

20-cv-00527-H-DEB

The Moving Defendants argue that Plaintiffs' allegations are insufficient to state the Lanham Act claims against them.  They argue that Plaintiffs "fail to allege that Mohrfeld or Select were using [Petconnect's] Trademark." (Doc. No. 137 at 6.)  And that "[w]ithout any actual allegations toward Mohrfeld and Select, these Moving Defendants are unable to be fairly apprised" of the claims being made against them.  (Id. at 7.)  Moving Defendants assert that the SAC is devoid of any allegations that they owned a pet store in California, sold dogs in California, or created "Pet Connect Rescue, Inc."  (Id. at 8.)  They also downplay Plaintiffs' allegations that dogs labeled as "Pet Connect Rescue" dogs were transported in a truck owned by Select.  (SAC ¶ 46.)  Moving Defendants consider Plaintiffs to "simply allege[] the use of a truck," and not the use of Petconnect's trademark. (Doc. No. 137 at 6.)

On a motion to dismiss, the Court is required to accept Plaintiffs' factual allegations as true.  Plaintiffs detail a relationship between Defendant Ray Rothman, a purported creator of the "fake" Pet Connect Rescue, Inc., and the Moving Defendants.  (SAC ¶¶ 3-5.)  Ray Rothman is a manger for Select.  (Id. ¶ 5.)  Ray and Alysia Rothman purportedly created Pet Connect Rescue, Inc.  (Id. ¶ 22.)  Select is "one of the largest brokers of puppy mill puppies in the United States."  (Id.)  The Rothman Defendants stated that dogs labeled with "Pet Connect Rescue" were delivered to pet stores in a truck owned by Select.  (Id. ¶ 46.)  A Select truck was observed delivering to a pet store in California owned by Defendants David and Veronica Salinas (the "Salinas Defendants").  (Id. ¶¶ 37, 46.)  This store sells dogs from "puppy mills" that are fraudulently labeled as rescue dogs.  (Id. ¶ 37.)  The Salinas Defendants allegedly created Defendant SoCal Puppy after the "Pet Connect Rescue" came under scrutiny.  (Id. ¶¶ 21, 98.)  The website for SoCal Puppy mimics the "fake" Pet Connect Rescue, Inc.'s website.  (Id. ¶ 99.)  The SoCal Puppy website either currently or formerly listed Plaintiffs Lucky Pup and SCDR in order to create a false endorsement or association.  (Id. ¶¶ 99-116.)

These alleged commercial activities are sufficient to plead Plaintiffs' theory of infringement, i.e., that Defendants are breeding non-rescue dogs outside of California,

7

importing those dogs to California, and using the Organizational Plaintiffs' marks to fraudulently sell those dogs as rescues. Plaintiffs are not required to plead that the Moving Defendants sold mislabeled dogs in California or created "Pet Connect Rescue, Inc." to state claims for trademark infringement and false advertising. Plaintiffs allege that the Moving Defendants used the marks in their commercial activities in violation of the Lanham Act and pled facts that support that contention. The Moving Defendants are on notice that Plaintiffs allege they participated in this scheme by supplying and transporting non-rescue dogs that are mislabeled and resold under misrepresentations that infringe on Plaintiffs' marks. Thus, Plaintiffs have alleged sufficient facts to state claims under the Lanham Act. The Moving Defendants' arguments are better suited for a motion for summary judgment when the record is more fully developed.

### B. State Law Claims

#### a. Moving Defendants' Standing Challenge

The Moving Defendants argue that the Organizational Plaintiffs do not have standing to bring a claim under California's Unfair Competition Law ("UCL") because they have failed to show a sufficient diversion of resources. Plaintiffs carry the burden of establishing Article III standing by "demonstrating that (1) they have suffered an injury-in-fact, meaning an injury that it is "concrete and particularized" and "actual and imminent," (2) the alleged injury is "fairly traceable" to the defendants' conduct, and (3) it is "more than speculative" that the injury is judicially redressable. E. Bay Sanctuary Covenant v. Trump, 950 F.3d 1242, 1265 (9th Cir. 2020) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). An organization may demonstrate that it has direct standing to sue by "establish[ing] that the defendant's behavior has frustrated its mission and caused it to divert resources in response to that frustration of purpose." E. Bay Sanctuary Covenant, 950 F.3d at 1265 (citing Fair Hous. of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002)); see also Havens Realty Corp. v. Coleman, 455 U.S. 363, 379 (1982).

On two prior occasions, this Court concluded that the Organizational Plaintiffs had standing to bring their claims for trademark infringement. (Doc. No. 48 at 7; Doc. No. 54

at 6-7.)  The Court held that the Organizational Plaintiffs sufficiently alleged that they had diverted resources to correcting consumer confusion regarding the origin of dogs labeled "Pet Connect Rescue."  Plaintiffs claimed that they "divert[ed] their limited organizational resources, including staff time, to responding to members of the public who were deceived by Defendants, and each of them, into believing puppies sold by Defendants are 'rescue puppies' from 'Pet Connect Rescue.'"  (SAC ¶ 126.)  Defendants allegedly referred customers to Plaintiff Petconnect's website and phone number.  (Id. ¶ 72.)  The Organizational Plaintiffs incurred economic injury when they fielded inquiries from the public as the organizations' staff would otherwise be dedicated to the organizations' ordinary activities.  See, e.g., Fair Hous. of Marin., 285 F.3d at 905.

Moving Defendants argue that this Court should now reach a different conclusion as to Plaintiffs' standing because of the Ninth Circuit's recent opinion in Friends of the Earth v. Organic Consumer Ass'n, 992 F.3d 939 (9th Cir. 2021).  In Friends of the Earth, the appellate panel affirmed a district court's holding that the organizational plaintiffs lacked standing because, even after discovery, they were unable to demonstrate a diversion of resources.  The organizational plaintiffs only produced a sliver of contradictory and uncorroborated evidence supporting diversion of resources.  Id. at 943-45.  Unlike the plaintiffs in Friends of the Earth, the Organizational Plaintiffs have met their burden to sufficiently allege the diversion of resources for standing at this stage of litigation.  The Moving Defendants' arguments are better suited for a motion for summary judgment when the record is more fully developed.

### b.  Moving Defendants' Rule 12(b)(6) Challenges

The Moving Defendants argue that Plaintiffs do not allege facts sufficient to state claims under the UCL, under the Consumer Legal Remedies Act ("CLRA"), for fraudulent deceit, and for trademark infringement and unfair competition under California common law.  (Doc. No. 137 at 9-16.)  The Court disagrees.

Some of Plaintiffs' state law claims sound in fraud.  Under Fed. R. Civ. P. 9(b), claims sounding in fraud are subject to heightened pleading requirements.  "In alleging

fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).  Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003).  The allegations "must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007).  But, where several defendants are sued in connection with an alleged fraudulent scheme, "there is no absolute requirement that . . . the complaint must identify false statements made by each and every defendant." Id.  Further, "Rule 9(b)'s particularity requirement applies to state-law causes of action." Vess, 317 F.3d at 1103.  This includes claims for violations of the CLRA and UCL. Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).

### i.      Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq.

California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice" and any "unfair, deceptive, untrue, or misleading advertising . . . ." Cal. Bus. & Prof. Code § 17200.  Its coverage is "sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law." Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 973 P.2d 527, 539 (Cal. 1999) (internal citations and quotation marks omitted).  By prohibiting unlawful practices, the UCL "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." De La Torre v. CashCall, Inc., 422 P.3d 1004, 1012 (Cal. 2018) (internal citations and quotation marks omitted).

Plaintiffs allege sufficient facts to state a UCL claim.  Plaintiffs allege that Defendants committed unlawful business practices by violating California law prohibiting the sale of dogs unless the dogs are obtained from an animal shelter, rescue group, or animal control agency.  Cal. Health & Safety Code § 122354.5(a).  A qualifying rescue group cannot "breed animals [or] obtain animals in exchange for payment or compensation from any person that breeds or brokers animals." Id. § 122354.5(e).  Plaintiffs allege that

10

Defendants violate these provisions by selling non-rescue dogs for compensation.  The Moving Defendants argue that Plaintiffs failed to allege facts establishing (i) that the Moving Defendants own or operate pet stores in California and (ii) that the Moving Defendants were involved in the sale of a non-rescue dog to Plaintiff Gonzalez.  (Doc. No. 137 at 9-10, 12-13.)  But Plaintiffs allegations are sufficient.  Plaintiffs allege that the Moving Defendants violated the UCL by brokering non-rescue dogs and transporting non-rescue dogs labeled as "Pet Connect Rescue" dogs to California pet stores for sale.  (SAC ¶¶ 5, 46.)  Further, Plaintiffs allege that the Moving Defendants employ Defendant Ray Rothman, the individual that created the fake "Pet Connect Rescue."  (Id. ¶¶ 5, 22.)  Plaintiff Gonzalez alleges that she purchased a non-rescue dog labeled as "Pet Connect Rescue" from a California pet store.  (Id. ¶ 147.)  Plaintiffs' allegations that the Moving Defendants participated in an unlawful fraudulent scheme are sufficiently clear and specific to place the Moving Defendants on notice.  Accordingly, the Court declines to dismiss Plaintiffs' UCL claims.  The Moving Defendants' arguments are better suited for a motion for summary judgment when the record is more fully developed.

### ii.  Consumer Legal Remedies Act, Cal. Civ. Code § 1750, et seq., and Fraudulent Deceit

Plaintiff Gonzalez alleges sufficient facts to state claims for fraudulent deceit and violations of the CLRA.  To demonstrate that a party committed fraud, a plaintiff must show: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." Lazar v. Superior Court, 909 P.2d 981, 984 (Cal. 1996).  California's CLRA prohibits "unfair or deceptive acts or practices[,]" including "(1) [p]assing off goods or services as those of another[;] (2) [m]isrepresenting the source, sponsorship, approval, or certification of goods or services[;] (3) [m]isrepresenting the affiliation, connection, or association with, or certification by, another[;] . . . (5) [r]epresenting that goods . . . have sponsorship [or] approval . . . they do not have . . . ." Cal. Civ. Code § 1770.

Plaintiffs allege that the Moving Defendants have brokered non-rescue dogs and transported non-rescue dogs labeled as "Pet Connect Rescue" to a California pet store. (SAC ¶¶ 5, 46.)  Plaintiffs also allege that the Moving Defendants employ Defendant Ray Rothman, the individual who purportedly created the fake "Pet Connect Rescue" label and entity.  (Id. ¶¶ 5, 22.)  Gonzalez purchased a dog labeled "Pet Connect Rescue" from a California pet store on December 15, 2019 for $2,007.27.  (Id. ¶ 147.)  The dog came with paperwork stating its source was "Pet Connect Rescue, Inc."  (Id. ¶ 149.)  Gonzalez intended to purchase a rescue dog and would not have made this purchase if she knew the dog came from a non-rescue source.  (Id. ¶ 148.)  She relied on Defendants' representations and believed she was purchasing a "rescue puppy."  (Id. ¶¶ 164-67.)  Gonzalez claims to have incurred thousands of dollars in veterinary bills due to illness caused by the poor conditions in which her dog was bred, transported, and stored prior to sale.  (Id. ¶ 167.)

Moving Defendants argue that these allegations are insufficient to state a claim against them for fraudulent deceit and violation of the CLRA.  Once again, Moving Defendants point to Plaintiffs' failure to allege that they owned or operated a pet store in California.  (Doc. No. 137 at 13.)  They also argue that Plaintiffs make no allegations of when, where, or what the Moving Defendants represented specifically to Gonzalez.  (Id. at 14.)  Moving Defendants argue that they are "entitled to know what representations they allegedly made specifically to Plaintiff Gonzalez."  (Id.)

The Court disagrees.  Where several defendants are sued in connection with an alleged fraudulent scheme, "there is no absolute requirement that . . . the complaint must identify false statements made by each and every defendant."  Swartz, 476 F.3d at 764 (emphasis omitted).  Plaintiffs allege sufficient facts to state a claim that the Moving Defendants engaged in a fraudulent scheme to sell non-rescue dogs as rescue dogs under the "Pet Connect Rescue" name.  Plaintiffs alleged specific activities by the Moving Defendants concerning dogs labeled "Pet Connect Rescue" and that Gonzalez purchased a dog labeled as "Pet Connect Rescue."  These factual allegations are sufficient to put the Moving Defendants on notice of the fraudulent deceit and CLRA claims against them.

20-cv-00527-H-DEB

### iii.    Accounting

The Organizational Plaintiffs bring a common law claim for an accounting against the Defendants.  The Moving Defendants argue that the Organizational Plaintiffs fail to adequately allege the necessary elements for an accounting and that the SAC lacks sufficient allegations to state the underlying state and federal claims.  (Doc. No. 137 at 15.)

A right to an accounting is derivative; it must be based on other claims.  Janis v. Cal. State Lottery Com., 68 Cal. App. 4th 824, 833 (Cal. Ct. App. 1998).  As stated elsewhere in this Order, Organizational Plaintiffs adequately pled the underlying state and federal claims at the motion to dismiss stage.  The Court will not dismiss Organizational Plaintiffs' claim for an accounting, but reserves the right at summary judgment to deny the claim if the facts and law so justify.

### iv.    Trademark Infringement and Unfair Competition

Organizational Plaintiffs bring common law claims for trademark infringement and unfair competition against all Defendants.  The Moving Defendants seek to dismiss these claims on the same basis that they sought to dismiss Plaintiffs' Lanham Act claims, most notably, that the Plaintiffs did not allege that the Moving Defendants used the trademarks. (Doc. No. 137 at 16.)  As explained elsewhere in this Order, Plaintiffs pled sufficient facts to state claims for trademark infringement and unfair competition under the Lanham Act against the Moving Defendants.  As a result, the Court declines to dismiss Plaintiffs' analogous common law claims.  See Grey v. Campbell Soup Co., 650 F. Supp. 1166 (C.D. Cal. 1986) ("The test for infringement of a federally registered mark under [under Section 32 of the Lanham Act], infringement of a common law trademark, unfair competition under [Section 43(a) of the Lanham Act], and common law unfair competition involving trademarks are the same[.]")

20-cv-00527-H-DEB

1

## **Conclusion**

2        For the foregoing reasons, the Court denies the Moving Defendants' motion to

3   dismiss.  The Moving Defendants must file their answers to Plaintiffs' second amended

4   complaint on or before **December 8, 2021**.

5        **IT IS SO ORDERED.**

6   DATED: November 8, 2021

7   _____
    MARILYN L. HUFF, District Judge
8   UNITED STATES DISTRICT COURT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20-cv-00527-H-DEB