UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETCONNECT RESCUE, INC., et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>DAVID SALINAS, et al.,<br><br>                              Defendants. | Case No.: 20-cv-00527-LL-DEB<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR ORDER QUASHING NOTICE OF WITNESS DEPOSITION OF DAVID SALINAS**<br><br>**[DKT. NO. 189]** |

Before the Court is Defendant David Salinas' ("Salinas") Ex Parte Application for Order Quashing Notice of Witness Deposition of David Salinas, and Request for Imposition of Sanctions ("Motion to Quash"). Dkt. No. 189. Plaintiffs oppose the Motion to Quash and propose to limit the Salinas deposition to facts related to Defendants Select Puppies, Inc. ("Select") and Brian Mohrfeld ("Mohrfeld"). Dkt. No. 190. For the reasons discussed below, the Court grants Salinas' Motion to Quash.

**A. Discussion**

The Court previously denied Plaintiffs' request to extend the discovery cut-off to take the Salinas deposition. Dkt. No. 148. Despite the Court's Order, Plaintiffs unilaterally noticed the Salinas deposition for January 25, 2022, necessitating this emergency Motion

to Quash by defendant Salinas.[1] Although Plaintiffs now propose limiting the noticed Salinas deposition to issues regarding new defendants Select and Mohrfeld, Plaintiffs did not seek reconsideration of or relief from the Court's previous ruling denying leave to take the Salinas deposition. Instead, Plaintiffs engaged in self-help by noticing the Salinas deposition despite the Court's previous order. Salinas' Motion to Quash is granted.

**B. Sanctions**

"Salinas asks the Court to reimburse him the reasonable expenses incurred as a consequence of the preliminary events and the ex parte application pertaining to the Deposition Notice . . ." in the amount of $2,275. Dkt. No. 189 at 8. And Plaintiffs "request[ ] the Court sanction [defense counsel] and Mr. Salinas in the amount on $4,225 as reasonable attorney's fees" for the time Plaintiffs' counsel spent responding to this Motion. Dkt. No. 190 at 8.

Under Federal Rule of Civil Procedure 37(a)(5), the party that prevails on a discovery motion is entitled to reasonable expenses, including attorney's fees unless the non-prevailing party's motion or opposition "was substantially justified, or if other circumstances make an award of expenses unjust." The Court finds Plaintiffs' position is substantially justified (because discovery remains open for defendants Select and Mohrfeld) and Salinas' position is substantially justified (because the Court previously denied Plaintiffs' request to take the Salinas deposition). The Court, therefore, declines to

---

[1] Both parties' submissions described failures to meet and confer on this Motion to Quash. Dkt. Nos. 189 at 7; 190 at 2–6. Failing to meet and confer is a recurrent problem in this case, with counsel regularly claiming unavailability due to their busy schedules in response to a party's meet and confer requests. *See also* Dkt. No. 142 at 14–15. Going forward, counsel must prioritize meeting and conferring in their schedules and make themselves available to meet and confer in person or by videoconference within 48 hours of the opposing party's request. *See* Magistrate Judge Butcher's Civil Chambers Rule VI.A. All failures to do so will result in sanctions unless the party claiming unavailability can document extraordinary circumstances.

award sanctions to either party. *See Glass Egg Digital Media v. Gameloft, Inc.*, No. 17-cv-04165-MMC-RMI, 2019 WL 5720731, at *4, *12 (N.D. Cal. Nov. 5, 2019) (declining to impose sanctions on the unsuccessful moving party after finding other circumstances made such an award unjust where neither party was "entirely blameless" with respect to the parties' discovery issues).

### C. Conclusion

Based on the foregoing, the Court GRANTS Defendant David Salinas' Motion to Quash and declines to award either party sanctions.

**IT IS SO ORDERED**.

Dated:  January 24, 2022

_____
Honorable Daniel E. Butcher
United States Magistrate Judge