UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETCONNECT RESCUE, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> DAVID SALINAS, et al., <br><br> Defendants. | Case No.: 20-cv-00527-H-DEB <br><br> **PROTECTIVE ORDER REGARDING DOCUMENTS PRODUCED FROM PET KEY LLC PURSUANT TO SUBPOENA** |

**I. DEFINITIONS**

1. Some or all of parties to this action have or may in the future, serve upon non-parties subpoenas for the production of business records which relate to the allegations or defenses alleged in the applicable pleadings on file in this action. The non-parties who have been served with such subpoenas would like to ensure that such production in response to these subpoenas are subject to this Protective Order regarding the use of the information contained within the responsive documents. Those business records may contain information which could be subject to applicable rights of privacy of both the non-parties producing the business records and the other non-parties who are identified within the records themselves. Such document production may also include the names, addresses and other personal information of individuals or business entities which may have sold or received puppies during the applicable time frame covered by the subpoenas. As such, the

term "confidential information" shall mean the information contained in the Excel compilations produced by Pet Key produced pursuant to the subpoena, and shall include such confidential information contained or disclosed in any materials, including documents, portions of documents, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any non- party whom produces the business record documents pursuant to a non-party subpoena.

2. The term "materials" will include, but is not limited to: documents; correspondence; emails; text messages; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "counsel" will mean counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified to date as follows:

Bryan W. Pease, Esq., PEASE LAW, APC;

John T. Maher, Esq., LAW OFFICES OF JOHN T. MAHER;

George R. Najjar, Esq., THE NAJJAR LAW FIRM; and

Patrick Stark, Esq., STARK & AMBROSIO, LLP

For purposes of this Protective Order, the term "counsel" shall also mean and include all parties appearing in propria persona in this action and any person or entity acting upon their behalf, identified to date as follows:

Anita Chavira, an individual in propria persona for Defendant Temecula Puppies.

The term "non-party(ies)" will mean any and all individuals and/or business entities who have received subpoenas for the production of business records from the parties to this action, as well as the individuals and/or business entities who are identified within the business records produced.

## II. GENERAL RULES

4. Any party to this action which serves upon any non-party a subpoena for the production of business records, or a subpoena for the attendance at a deposition, shall include along with such subpoena a copy of this Protective Order. If a subpoena has already been served, then such serving party shall provide a copy of this Protective Order as soon as reasonably possible to any served non-party.

5. Pet Key LLC ("Pet Key"), a Michigan limited liability company, has been served with a subpoena for the production of business records by Plaintiff PetConnect Rescue, Inc., and seeks to respond to such subpoena by producing Excel compilations containing confidential information, which Pet Key believes should be subject to this Protective Order and treated in all respects as if the confidential information was designated as "CONFIDENTIAL."

6. All information contained in the Excel compilations produced by Pet Key must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties and Pet Key, or by order of the Court.

7. Information contained in the Excel compilations produced by Pet Key must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts, by court personnel, or by parties to the case, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms.

8. All information contained in the Excel compilations produced by Pet Key, and any and all reproductions of that information, must be retained in the custody of the counsel

for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

9. Before any unredacted materials produced in response to a non-party subpoena which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal with at least 28 days advanced notice to Pet Key of any request to file the material under seal. No party may file any document under seal, except pursuant to a court order that authorizes the filing of the document, or portion of the document, under seal. A sealing order will issue only upon a showing that the information is privileged or protectable under the law. The party seeking to file under seal must limit its sealing request to the specific portion of the document that contains the confidential or privileged material.

10. At any stage of these proceedings, any party may object to the information contained in the Excel compilations produced by Pet Key as confidential information. The party objecting to confidentiality must notify, in writing, Pet Key and its counsel of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties and/or Pet Key within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection and serve Pet Key who designated the materials as confidential. The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

11. All information contained in the Excel compilations produced by Pet Key must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel and each person receiving the information contained in the Excel compilations produced by Pet Key must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If the information contained in the Excel compilations produced by Pet Key is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized

disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and the non-party(ies) and, without prejudice to any rights and remedies of the other parties or non-party(ies), make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

12. Nothing within this order will prejudice the right of any party or non-party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product. Any party or non-party which objects to the production of any discovery material on the grounds that the material is protected as privileged shall comply with the requirements of Federal Rule of Civil Procedure 26 (c)(5) and any local rules.

13. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

14. This Order will be without prejudice to the right of Pet Key to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

15. Nothing within this order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of any court of competent jurisdiction.

16. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the non-party, return all unredacted confidential information to Pet Key, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential

information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

17. The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

18. The restrictions and obligations within this order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

19. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order so long as the non-party agrees, in writing to accept such transmission by email or some other currently utilized method of transmission.

20. This Order may be modified by agreement of the parties, subject to approval by the Court.

21. The Court may modify the protective order in the interest of justice or for public policy reasons.

IT IS SO ORDERED.
Dated: January 21, 2022

_____
Honorable Daniel E. Butcher
United States Magistrate Judge

**Exhibit A**

**AGREEMENT TO BE BOUND BY TERMS OF PROTECTIVE ORDER**

The undersigned has read the foregoing Protective Order entered by the Court in *PetConnect Rescue, Inc. v. Salinas,* Case No. 3:20-cv-00527-H-DEB, in the United States District Court for the Southern District of California. I understand its contents, and hereby undertake and agree to abide by its terms including, without limitation, those terms regarding the use of any unredacted document designated "Confidential" (as defined by the Protective Order), and any unredacted confidential information contained therein. The undersigned agrees to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms and conditions of the Protective Order.

Dated: _____

_____
Name (Print or Type)

_____
Signature

_____
Company (if applicable)

# Exhibit B

## AGREEMENT TO BE BOUND BY TERMS OF PROTECTIVE ORDER

The undersigned, as an authorized representative of the organization specified below, has read the foregoing Protective Order entered by the Court in *PetConnect Rescue, Inc. v. Salinas,* Case No. 3:20-cv-00527-H-DEB in the United States District Court for the Southern District Court for the Southern District of California. I understand its contents, and hereby undertake and agree to abide by its terms including, without limitation, those terms regarding the use of any unredacted document designated "Confidential" (as defined by the Protective Order), and any unredacted confidential information contained therein, apply to the organization and its employees, representatives, and agents, and that the company shall take responsibility for any violations of the Protective Order by any of its employees, representatives and agents who receive such documents. The organization further agrees to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms and conditions of the Protective Order.

Dated: _____

_____
Name (Print or Type)

_____
Signature

_____
Company (if applicable)