UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETCONNECT RESCUE, INC., et al., | Case No.: 20-cv-00527-LL-DEB |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY** |
| v. | |
| DAVID SALINAS, et al., | |
| Defendants. | **[DKT. NO. 180]** |

## I.      INTRODUCTION

Before the Court is Plaintiff Petconnect Rescue, Inc.'s ("Plaintiff") Motion to Compel Further Responses to Discovery Propounded on Defendants Brian Mohrfeld ("Mohrfeld") and Select Puppies, Inc. ("Select"). Dkt. No. 180. Defendants filed an Opposition. Dkt. No. 182. Having considered the parties' submissions and supporting exhibits, the Court GRANTS in part and DENIES in part Plaintiff's Motion to Compel.

## II.      BACKGROUND

On December 30, 2020, Plaintiffs (animal rescue organizations and an individual consumer) filed a Second Amended Complaint ("SAC") alleging Defendants' "puppy laundering scheme" violated the Lanham Act, California's Unfair Competition Law, and

Consumer Legal Remedies Act. Dkt. No. 93 at 3, 11–31.[1] Specifically, Plaintiffs allege Defendants "ship[ ] in truckloads of designer breed, two-month old puppies from puppy mills in Iowa and Missouri, and sell[ ] them for thousands of dollars each in pet stores with third-party financing designed to facilitate impulse buys." *Id.* at 3. The organizational Plaintiffs allege Defendants used their names, marks, and goodwill to disguise the sale of non-rescue dogs in violation of California law. *Id*. at 3, 11–21.

Plaintiffs further allege Defendants "knowingly and willfully act[ ] as accomplices to all other Defendants to evade various laws and defraud consumers into believing they are 'adopting' a 'rescue' animal . . . ." *Id.* at 23. Plaintiffs claim Select is "one of the largest brokers of puppy mill puppies in the United States," and Mohrfeld is its owner and operator. *Id*. at 3, 5.

On October 18, 2021, Plaintiff propounded its first set of interrogatories on Defendants Mohrfeld and Select and requests for production of documents ("RFP") on Select. Dkt. No. 180-2 at 70–92. On December 1, 2021, Defendants Mohrfeld and Select served objections and responses. Dkt. No. 180-1 at 4.

On December 21, 2021, the Court held a Discovery Conference regarding Plaintiff's Interrogatory Nos. 2 and 5–9 served on Select, Interrogatory Nos. 5–9 served on Mohrfeld, and RFP Nos. 1–8 and 11 served on Select ("disputed discovery"). Dkt. No. 179. The Court ordered the parties to continue meeting and conferring regarding the disputed discovery. *Id.*

On January 3, 2022, Plaintiff filed a Motion to Compel further responses to the disputed discovery. Dkt. No. 180. On January 7, 2022, Defendants filed an Opposition. Dkt. No. 182. Both parties represent they did not meet and confer as ordered. *See* Dkt. No. 180-1 at 3 ("[D]efense counsel refused to meet and confer . . . ."); Dkt. No. 182-1 at 3 ("[Defendants' counsel] never refused to meet and confer with [Plaintiff's counsel], but

---

[1] When referencing page numbers for documents filed with the Court, the Court's citation refers to the page numbers assigned by the Court's CM-ECF system.

[he] instructed that [Plaintiff's counsel] should take the first steps" but "[Plaintiff's counsel] refused.").

## III.   LEGAL STANDARD

"[B]road discretion is vested in the trial court to permit or deny discovery . . . ." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (quotation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Even after the 2015 amendments to Rule 26, "discovery relevance remains a broad concept." *Fed. Nat'l Mortg. Ass'n v. SFR Invs. Pool 1, LLC*, No. 14-cv-02046-JAD-PAL, 2016 WL 778368, at *2 n.16 (D. Nev. Feb. 25, 2016); *see also Odyssey Wireless, Inc. v. Samsung Elecs. Co., Ltd*, No. 15-cv-01735-H-RBB, 2016 WL 7665898, at *2 (S.D. Cal. Sept. 20, 2016) ("Relevance is construed broadly to include any matter that bears on, or reasonably could lead to other matters that could bear on, any issue that may be in the case.") (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350–51 (1978)).

The party seeking to compel discovery has the burden of establishing its request satisfies the relevancy requirements of Rule 26(b)(1). *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. July 17, 1995). "Once the propounding party establishes that the request seeks relevant and proportional information, '[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.'" *Cancino Castellar v. McAleenan*, No. 17-cv-491-BAS-AHG, 2020 WL 1332485, at *4 (S.D. Cal. Mar. 23, 2020) (quoting *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009)).

An interrogatory or a request for production "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2); *accord* Fed. R. Civ. P. 34(a)(1). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). For each request for production, "the response must either state that inspection and related activities will be permitted as

requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).

## IV.   DISCUSSION

Plaintiff moves to compel further responses to the disputed discovery because Defendants "provided essentially no information, either outright refusing to answer, or improperly limiting the question and then answering, 'none,' or providing responses that are clearly false and misleading based on the documentary evidence available." Dkt. No. 180-1 at 9. Plaintiff further contends "Defendants and their counsel should be sanctioned in the amount of $15,210.00, which represents the reasonable attorney's fees and costs incurred in bringing [its Motion]." *Id.* at 4.

Defendants Mohrfeld and Select respond that their: (1) answers are "respon[sive] but Plaintiffs simply do not like the answer" (Dkt. No. 182 at 7–11); (2) "objections are appropriate" because the discovery requests are improper (*id.* at 20–21); or (3) responses are "subject[s] to be supplemented," but Defendants offer to supplement was thwarted by the parties' failed meet and confer efforts (*id.* at 20).

### A. Disputed Discovery

#### i.   *Interrogatory No. 2 and RFP Nos. 1, 2, and 4 Served on Select*

Defendants offer to supplement responses to Plaintiff's Interrogatory No. 2 and RFP Nos. 1, 2 and 4 both served on Select. Dkt. No. 182 at 5, 16–14, 20. Indeed, at the conclusion of the December 21, 2021 Discovery Conference, the Court ordered the parties to continue meeting and conferring on the disputed discovery. Dkt. No. 179; *see also* CivLR 26.1(a) (requiring moving party to arrange a meet and confer before the Court will entertain a discovery motion). Both parties admit this did not happen, and each blames the other for this failure. *See* Dkt. Nos. 180-1 at 3–4; 182-1 at 3. The Court holds counsel for both parties responsible for the failure to meet and confer.

The Court denies Plaintiff's Motion to Compel further responses to Interrogatory No. 2 and RFP Nos. 1, 2, and 4 without prejudice based on the parties' failure to meet and confer. The parties are ordered to fully and completely meet and confer on this disputed

discovery in person or by videoconference on or before **February 16, 2022**. Plaintiff's counsel is responsible for making arrangements to record their meet and confer. If the parties are unable to resolve their dispute over this discovery, Plaintiff may file a new motion to compel on or before **February 23, 2022**. Defendants Mohrfeld and Select must file their opposition to any renewed motion on or before **March 2, 2022**. Plaintiff must file a transcript of the parties' meet and confer with any renewed motion. Plaintiff must bear the initial cost of preparing the transcript, however, the Court will shift some or all of that expense to Defendants Mohrfeld and Select if Plaintiff prevails on a renewed motion.

        ii.    *Interrogatory Nos. 6 and 7 Served on Select and Interrogatory Nos. 5–8 served on Mohrfeld*

Plaintiff's Interrogatory Nos. 6 and 7 served on Select and Interrogatory Nos. 5–8 served on Mohrfeld are as follows:

> Interrogatory No. 6 to Select: For each year since 2018, describe in detail the services YOU have provided in connection with transporting, selling, or providing puppies to any PERSONS anywhere in the United States labeled as being from "Pet Connect Rescue," or any variation thereof, including but not limited to "Pet Connect Rescue, Inc.," "PetConnect Rescue, Inc.," "PetConnect Rescue," or "PCRI," including through any entity owned or controlled by YOU.

> Interrogatory No. 7 to Select: For each year since 2018, describe in detail the services YOU have provided in connection with transporting or selling puppies anywhere in the United States labeled as being from "Pet Connect Rescue," or any variation thereof, including but not limited to "Pet Connect Rescue, Inc.," "PetConnect Rescue, Inc.," "PetConnect Rescue," or "PCRI," including through any entity owned or controlled by YOU.

> Interrogatory No. 5 to Mohrfeld: IDENTIFY all PERSONS, including pet stores, to which YOU provided, transported, and/or sold puppies to in California since January 1, 2018, including through any entity owned or controlled by YOU.

> Interrogatory No. 6 to Mohrfeld: For each year since 2018, describe the services YOU have provided in connection with

transporting or selling puppies anywhere in the United States labeled as being from "Pet Connect Rescue," or any variation thereof, including but not limited to "Pet Connect Rescue, Inc.," "PetConnect Rescue, Inc.," "PetConnect Rescue," or "PCRI," including through any entity owned or controlled by YOU.

Interrogatory No. 7 to Mohrfeld: For each year since 2018, IDENTIFY each purchaser of YOUR services, including but not limited to transport, sale, brokerage, etc. provided in connection with the name "Pet Connect Rescue," or any variation thereof, including "Pet Connect Rescue, Inc.," "PetConnect Rescue," or "PetConnect Rescue, Inc.," or "PCRI," including through any entity owned or controlled by YOU.

Interrogatory No. 8 to Mohrfeld: For each year since 2018, state the amount of money YOU received for each puppy or other animal connected with the name or mark "Pet Connect Rescue," or any variation thereof, including "Pet Connect Rescue, Inc.," "PetConnect Rescue," "PetConnect Rescue, Inc.," or "PCRI," for selling, transporting, brokering, or providing any other service, including through any entity owned or controlled by YOU.

Dkt. No. 180-1 at 15–16, 20–24.

Defendants raised various objections to these interrogatories (e.g., overly broad), but proceeded to answer as follows: "[w]ithout waiving said objections, Responding Party states none." Dkt. No. 182 at 6–8, 10–14.

Defendants' objections are waived because they provided conditional responses (i.e., "without waiving said objections"). This is improper and constitutes a waiver of the objections. *See Fay Ave. Properties, LLC*, No. 11-cv-2389-GPC-WVG, 2014 WL 2965316, at *1 (S.D. Cal. July 1, 2014); *see also Herrera v. AllianceOne Receivable Mgmt., Inc.*, No. 14-cv-1844-BTM-WVG, 2016 WL 1182751, at *3 (S.D. Cal. Mar. 28, 2016) ("Providing conditional responses to discovery requests is improper, the objections are deemed waived, and the response to the discovery request stands.").

Plaintiff attached exhibits to their Motion to Compel, which they claim establish Defendants' responses are "clearly false and misleading." However, the Court does not

grade the factual accuracy of Defendants' responses in a motion to compel. *See Burke v. Basil*, No. 20-cv-00635-JVS-JDEx, 2021 WL 4189395, at *3 (C.D. Cal. May 21, 2021) (The Court "declines to decide on the factual accuracy of [defendant's] response on a motion to compel: 'Discovery responses are verified,' and a party 'would be subject to sanctions if they were shown to have been untruthful in their responses' under Rule 37.") (quoting *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch.*, No. 02-cv-1146-JB-LFG, 2007 WL 1306593, at *8 (D.N.M. Mar. 12, 2007)).

The Court, therefore, DENIES Plaintiff's Motion to Compel further responses to Plaintiff's Interrogatory Nos. 6 and 7 served on Select and Interrogatory Nos. 5–8 served on Mohrfeld.[2]

       *iii.*   <u>RFP Nos. 3 and 5</u>

Plaintiff's RFP Nos. 3 and 5 propounded on Select seek:

> RFP No. 3: All DOCUMENTS relating to any dogs obtained by YOU since January 1, 2018, including but not limited to all COMMUNICATION with any breeders or brokers, and all invoices, contracts, receipts, CVIs, acquisition and disposition reports, etc., including through any entity owned or controlled by YOU.

> RFP No. 5: All DOCUMENTS that show or from which YOUR contact information can be determined, including without limitation, every telephone number and email address, that YOU provided to any and all of YOUR purchasers of puppies or other animals, within the past three years."

Dkt. No. 180-1 at 18, 29.

---

[2] This denial is based on the Court's understanding that Defendants' response "none" means Defendants did not engage in any of the activity described in the interrogatories. If the Court's understanding is incorrect, and Defendants withheld responsive information based on their objections or otherwise did not respond fully to the interrogatories, they must provide a complete answer on or before **February 21, 2022**.

Select objected, in pertinent part, that the requests are overly broad and seek irrelevant information. Dkt. No. 182 at 18, 21.

Plaintiff argues "Defendants were engaged in a puppy laundering scheme, and documents regarding both acquisition and disposition are needed to complete the picture," and Select's "contact information is relevant to show Select Puppies' involvement in the puppy laundering scheme, and who it was providing such contact information to." Dkt. No. 180-1 at 28, 30. As stated, the Court finds Plaintiff's requests seeking all documents "relating to any dogs obtained" and that show or from which Select's contact information can be determined are facially overly broad and would require Select to produce information not at issue in this litigation. *See Moss v. Blue Cross and Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 692–93 (D. Kan. 2007) (finding request for production of any and all correspondence and/or documents bearing Plaintiff's name overbroad); *Mycosafe Diagnotics GmbH v. Life Techs. Corp.*, No. 13-cv-93-BTM-MDD, 2013 WL 12097536, at *2 (S.D. Cal. Oct. 9, 2013) ("The RFPs . . . are overbroad. . . . [I]t is not the province of the Court to rewrite discovery requests."); *Mailhoit v. Home Depot U.S.A., Inc.*, No. 11-cv-03892-DOC-SSx, 2012 WL 12884129, at *2 (C.D. Cal. Sept. 4, 2012) ("[T]he court is not obligated to impose limiting constructions on interrogatories that are overbroad, vague, or seek irrelevant information, but may simply deny the request to compel further responses."). The Court, therefore, sustains Select's overbreadth objection and DENIES Plaintiff's Motion to Compel responses to RFP Nos. 3 and 5.

        *iv.*   <u>*RFP Nos. 6 and 7*</u>

Plaintiff's RFP Nos. 6 and 7 are as follows:

        RFP No. 6: Produce all YOUR bank statements since January 1, 2018.

        RFP No. 7: Produce all YOUR tax returns since January 1, 2018.

Dkt. No. 180-1 at 30.

Select objected to both requests as "violat[ing] Responding Party's rights of privacy. It is also overly broad. It is not likely to lead to the discovery of admissible evidence." Dkt. No. 182 at 21–22.

Plaintiff concedes "bank statements would not necessarily be particularly useful" and "tax returns would not necessarily be needed," but they are "a start" to show Defendants' revenue and "verify figures involved." Dkt. No. 180-1 at 30.

The Court sustains Select's privacy and relevance objections. In resolving privacy objections to a discovery request, courts balance "the need for the information sought against the privacy right asserted." *Soto*, 162 F.R.D. at 616. This balance weighs in favor of Select here. Select's privacy interest in its bank statements and tax statements outweighs Plaintiff's need for information characterized as "not necessarily . . . particularly useful." Dkt. No. 180-1 at 30. *See Kayner v. City of Seattle*, No. 04-cv-2567-MAT, 2006 WL 482072, at *1 (W.D. Wash. Feb. 27, 2006) ("The greater weight of authority concludes that tax returns are subject to at least some level of heightened protection from disclosure.").

The Court, therefore, DENIES Plaintiff's Motion to Compel responses to RFP Nos. 6 and 7.

*v.*   *RFP No. 8*

Plaintiff's RFP No. 8 seeks: "all DOCUMENTS in connection with COVID relief funds received by YOU, including all applications for such relief, including through any entities owned or controlled by YOU." Dkt. No. 180-1 at 31.

Plaintiff argues Select's COVID relief fund documents are "relevant to show, for instance, all the owners of 20% or more of the equity of the company, any businesses with common management, and whether any owner is subject to an indictment, criminal charges, or on probation or parole, or been convicted of a felony." *Id.* Select objected to this RFP on privacy, overbreadth, and relevance grounds. Dkt. No. 182 at 22.

The Court finds Select's COVID relief funds and application clear the "relatively low bar" of relevance to the limited extent they show Select's owners and businesses with common management. *See Cont'l Circuits LLC v. Intel Corp.*, 435 F. Supp. 3d 1014, 1018

20-cv-00527-LL-DEB

(D. Ariz. 2020). Plaintiffs' SAC alleges Defendants' "puppy laundering scheme" involves "fake rescue[s]" with "no physical location[s] or phone number[s]," "shell corporations," and "pass-through entities." Dkt. No. 93 at 3, 7. Additionally, "evidence of any other crime, wrong, or other act . . . may be admissible" under Federal Rule of Evidence 404(b)(2). Plaintiff satisfactorily explains how RFP No. 8 may contain relevant information. On or before **February 28, 2022**, Select must produce its COVID relief funds application in response to RFP No. 8 to the extent they show: (1) Select's owners of 20% or more of the equity of Select; (2) any businesses with common management; and (3) Select's principals' criminal history. Select may redact all other information contained in the COVID documents.

vi.   *RFP No. 11*

Plaintiff's RFP No. 11 requests: "all contracts or agreements YOU have had with RAR Transport for the past five years including through any entities owned or controlled by YOU." Dkt. No. 180-1 at 31. Select objected to the request on the grounds that it "violates Responding Party's right of privacy. It is overly broad. It is also not likely to lead to the discovery of admissible evidence." Dkt. No. 182 at 23.

Plaintiff claims the request is relevant because "RAR Transport is one of the transport companies owned by [another Defendant in this case]" who "testified [RAR Transport] is a physical transport company with trucks and a warehouse . . . ." Dkt. No. 180-1 at 31. Plaintiff argues any contracts with RAR Transport "is likely to shed light on Defendants' puppy laundering scheme." *Id.* at 32.

Defendants' Opposition argues RAR Transport is not and should not be a defendant in this action, and "[t]he five years requested is overly broad and outside the statute of limitations." Dkt. No. 182 at 23.

The Court finds Select's contracts for puppy transport companies are relevant to the SAC. *See, e.g.*, Dkt. No. 93 at 9 ("On May 19, 2020, volunteer activists documented a delivery truck with an Iowa license plate [traced back to Select] dropping off puppies at Pups & Pets in Santee;" and other named defendants "admitted" they "used this truck for

transportation . . . .”). The Court also finds that five years is a reasonable limitation on the scope of the requested discovery. *See Gottesman v. Santana*, No. 16-cv-2902-JLS-JLB, 2017 WL 5889765, at *5 (S.D. Cal. Nov. 29, 2017) (“Information before the statute of limitations period may fall within the scope of discoverable information.”); *LegalForce RAPC Worldwide P.C. v. Demassa*, No. 18-cv-00043-MMC-TSH, 2019 WL 2232580, at *3 (N.D. Cal. May 23, 2019) (ordering document production for the previous five years in a Lanham Act case).

Accordingly, the Court overrules Select’s overbreadth and relevance objections. Select must provide responsive information to Plaintiff’s RFP No. 11 on or before **February 28, 2022**.[3]

### vii.   *Interrogatory Nos. 5, 8, and 9 Served on Select*

Plaintiff’s Interrogatory No. 5 requests Select identify all persons it “provided, transported, and/or sold puppies in California” since 2018. Dkt. No. 180-1 at 13. Interrogatory Nos. 8 and 9 ask Select to state the amount of money received and expenses incurred from selling, transporting or brokering puppies with Plaintiff’s trademark. *Id.* at 18–19.

Select made the following objections to these interrogatories: (1) vague and ambiguous; (2) compound; (3) assumes facts not in evidence; (4) violates privacy; and (5) overbreadth. Dkt. No. 182 at 5–6, 8–10.  The Court overrules Select’s objections.

First, Select objected to the terms “details the services you have provided,” “or any variation thereof,” and “in connection with” as vague and ambiguous. These are ordinary and commonly understood terms that have a plain meaning. *See, e.g.*, *Burke*, 2020 WL

---

[3] Select’s privacy objection is waived. *See Hall v. Marriott Int’l, Inc.*, No. 19-cv-01715-JLS-AHG, 2021 WL 1906464, at *9 (S.D. Cal. May 12, 2021) (“[T]hough Defendant raised these objections in its initial responses, it did not reassert them in its Opposition brief. Thus, the Court deems these objections waived.”).

7872965, at *3 (Nov. 16, 2020) (overruling vague and ambiguous objections to phrases that "can be reasonably interpreted using common sense and ordinary definitions.").

Second, Select objected on the ground that the phrase "[p]rovided, transported, and/or sold involves three different subjects," which constitutes "improper subparts . . . making it compound." Dkt. No. 182 at 5–6, 8–10. "[I]nterrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question." *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006) (quoting *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). Select did not object to the number of interrogatories Plaintiff served, and the Court finds "provided, transported, and/or sold" are subsumed within and related to the primary questions of the interrogatories.

Third, Select objected that "[these] request[s] also assume[ ] facts not in evidence that Responding Party labeled dogs in such fashion, as is assumed in the interrogatory." Dkt. No. 182 at 8–10. This objection lacks merit. "[T]he objection that an interrogatory 'assumes facts not in evidence' is not proper in the course of discovery."*Aluya v. Mgmt. & Training Corp.*, No. 13-cv-1345-AWI-JLT, 2015 WL 402071, at *6 (E.D. Cal. Jan. 29, 2015); *accord Garcia v. Clark*, No. 10-cv-447-LJO-DLB-PC, 2012 WL 1232315, at *2 (E.D. Cal. Apr. 12, 2012) ("Assuming facts not in evidence may be the basis for an objection during trial or some other evidentiary hearing," but not during the course of discovery.).

Fourth, Select objected on privacy grounds; however, the Court's Protective Order (Dkt. No. 135) mitigates any privacy concerns. *See Bakersfield Pipe & Supply, Inc. v. Cornerstone Valve, LLC*, No. 14-cv-01445-JLT, 2016 WL 3538251, at *4 (E.D. Cal. June 29, 2016) ("[A] party's interest in the confidentiality of financial information may be adequately addressed via a protected order.").[4]

---

[4] "While corporations do have a right to privacy, it is not a constitutional right. The corporate right to privacy is a lesser right than that held by human beings and is not

Fifth, Select objected based on overbreadth "as the law in California which is referenced in the operable pleadings, did not take effect until January 1, 2019." Dkt. No. 182 at 11, 14. But courts generally "allow discovery to extend to events before and after the period of actual liability so as to provide context." *Hatamian v. Advanced Micro Devices, Inc.*, No. 14-cv-226-YGR-JSC, 2015 WL 7180662, at *2 (N.D. Cal. Nov. 16, 2015) (quotations omitted); *accord Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 655 (D. Kan. 2004) ("[D]iscovery of information both before and after the liability period . . . may be relevant and/or reasonably calculated to lead to the discovery of admissible evidence and courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period."). The Court, therefore, overrules Select's overbreadth objection.

Finally, Select substantively responded as follows:

> No. 5: "With the limitation of dogs using the name PetConnect Rescue, Inc. and/or Lucky Pup Dog Rescue.com, Responding Party did not provide any such dogs.
>
> Nos. 8 and 9: "Responding Party states it did not sell dogs using any of the Plaintiff's organizational names."

Dkt. No. 182 at 5–6, 9, 10.

Plaintiff argues Select "improperly limit[ed] its response[,] . . . which . . . appears deliberately intended to avoid having to respond" to the Interrogatories. Dkt. No. 180-1 at 14–15.

Select's responses are deficient because they do not answer the full interrogatories. Select imposes various improper and unexplained limitations within its answers, including limiting its responses to specific Plaintiffs and limiting its responses to "provided" or "sell" instead of "provided," "transported," "sold," and/or "brokered" as requested. *See RG*

---

considered a fundamental right." *SCC Acquisitions, Inc. v. Superior Court*, 196 Cal. Rptr. 3d 533, 545 (Cal. Dist. Ct. App. 2015).

*Abrams Ins. v. L. Offs. of C.R. Abrams*, No. 21-cv-00194-FLA-MAAx, 2021 WL 4974050, at *10 (C.D. Cal. July 8, 2021) (ordering interrogatory responses supplemented where "the . . . Response appears to improperly limit the interrogatories . . . . To the extent Defendants have limited their responses . . . such a response is deficient as none of the interrogatories are so limited."). Therefore, on or before **February 28, 2022**, Select must supplement its responses to Interrogatory Nos. 5, 8, and 9 to provide complete responses.[5]

### B. Request for Sanctions

Plaintiff requested an award of fees incurred in bringing their Motion to Compel, which Defendants opposed. If a motion to compel discovery is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Here, Plaintiff's Motion to Compel is denied in large part, and the Court declines to apportion reasonable expenses. *See Williams v. County. of San Diego*, No. 17-cv-00815-MMA-JLB, 2019 WL 2330227, at *11 (S.D. Cal. May 31, 2019) (court declined to apportion reasonable expenses because motion to compel granted and denied in part).

### V.   CONCLUSION

Based on the foregoing, the Court GRANTS in part and DENIES in part Plaintiff's Motion to Compel. Dkt. No. 180. On or before **February 28, 2022**, Select must provide responsive or supplemental information to Plaintiff's RFP Nos. 8 and 11 and Interrogatory Nos. 5, 8, and 9.

**IT IS SO ORDERED**.

Dated: February 14, 2022

Honorable Daniel E. Butcher
United States Magistrate Judge

---

[5] Defendants' Opposition clarifies Select does "not sell, transport or broker dogs in California." Dkt. No. 182 at 9–10. Select, however, is required to answer the interrogatories in full and under oath. Fed. R. Civ. P. 33(b)(3).