UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETCONNECT RESCUE, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID SALINAS, et al.,<br><br>Defendants. | Case No.:  20cv527-LL-DEB<br><br>**ORDER OVERRULING PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE BUTCHER'S OCTOBER 29, 2021 ORDER**<br><br>(ECF No. 175) |

Presently before the Court is Plaintiffs' Objection to the Discovery Order issued by Magistrate Judge Butcher on October 29, 2021 denying Plaintiffs' ability to depose Defendant David Salinas ("Objection"). ECF No. 175. For the reasons discussed below, Plaintiffs' Objection to Judge Butcher's October 29, 2021 Order is **OVERRULED**.

/ / /

/ / /

/ / /

/ / /

/ / /

1

## **RELEVANT BACKGROUND**

The fact discovery in this case closed on October 1, 2022 for Plaintiffs and Defendant David Salinas.[1] ECF No. 133. On October 29, 2021, Magistrate Judge Butcher held a discovery hearing regarding multiple discovery disputes, including whether Plaintiffs could depose Defendant David Salinas. ECF Nos. 148, 173. For the reasons stated on the record, the Court denied Plaintiffs' request to reopen discovery to take the Salinas deposition and Defendants' request to reopen discovery to take 30(b)(6) depositions. *Id.*

During the October 29, 2021 discovery hearing, the Court heard argument from counsel for Plaintiffs, Mr. Bryan W. Pease, and counsel for Defendants, Mr. George R. Najjar, regarding whether Plaintiffs could depose David Salinas. ECF No. 173 at 5:19-6:6. After hearing argument from Plaintiffs' counsel on this issue, Judge Butcher asked him whether he "appear[ed] with a court reporter either virtually or in person at a deposition and note[d] a failure to appear on the record?" *Id.* at 7:20-24. Plaintiffs' counsel responded that they "did not take a non-appearance, but we did notice it, and it was clear that they were not going to show up." *Id.* at 8:11-14. Judge Butcher also asked whether the "notice include[d] a Zoom link for the remote deposition?" *Id.* at 8:15-16. Plaintiffs' counsel responded that "[i]t did not. . . ." *Id.* at 8:17-18. Judge Butcher found in relevant part:

> It doesn't sound to me like there was a failure to appear. It sounds like you got some objections and indication from Mr. Najjar that there were some scheduling conflicts and you decided not to go forward with the deposition.

*Id.* at 8:25-9:4. Judge Butcher also found:

> A party can't unilaterally refuse to show up for a properly noticed deposition. I understand that you didn't receive the communication that he didn't plan to appear. But, if it was properly noticed, that's not an option. He could seek relief in the form of a protective order, but failing to appear is – is not an option, and you didn't send a Zoom link to Mr. Najjar or Mr. Salinas. So, there, was no – no place for – where it's deposition noticed, either an actual physical location or a virtual location for him to appear. I don't see that there's

---

[1] On October 6, 2021, the Court reopened fact discovery until February 1, 2022 for claims and defenses pertaining to Defendant Select and Defendant Mohrfield only. ECF No. 141 at 2.

a failure to appear. I see this as an objection that was raised to you, and in light of the objection, you decided not to move forward with the deposition. . . .

I interpret the joint motion as two motions, a motion by Plaintiff to extend or reopen fact discovery in order for Plaintiff to take the Salinas deposition and a similar motion by Defendant to reopen fact discovery in order to take Plaintiff's persons most knowledgeable depositions.

I'm denying both motions. I find no good cause to extend the discovery cutoff for either – either deposition. Certainly, neither of you have bent over backwards to accommodate the other. I'm troubled by the failures of communication and cooperation, but neither of you have been diligent in completing your discovery before the cutoff. You both had more than enough time to complete the depositions at issue. I issued an original scheduling order on September 9th of 2020, setting the fact discovery cutoff of April 2, 2021. At the parties' request, I extended that fact discovery cutoff three times, first to July 2nd, then to September 2nd, and finally to October 1st for the specific purpose of allowing the Salinas and persons most knowledgeable depositions. Discovery was, therefore, open for 13 months. That provided plenty of time to notice and complete the depositions at issue. Neither of you have established good cause for why the depositions could not have been noticed and completed within the 13-month period during which fact discovery was open. The lack of last-minute cooperation by opposing counsel, again, is unfortunate, but it doesn't establish good cause for not pursuing depositions much earlier. You each had 13 months to complete the depositions, and for whatever reason, they weren't completed within that time period.

So that's the ruling of the Court. That's the order.

*Id*. at 10:13-22; 14:12-15:15.

On November 12, 2021, Plaintiffs filed an Objection to Judge Butcher's October 29, 2021 Discovery Order. ECF No. 162. Judge Sammartino denied without prejudice Plaintiffs' Objection because Plaintiffs "failed to comply with Civil Local Rule 7.1, which requires that a party obtain a hearing date from the law clerk of the judge to whom the case is assigned before filing an objection pursuant to Federal Rule of Civil Procedure 72(a)." ECF No. 164 at 1 (citing CivLR7.1(a)-(b), (f)). Judge Sammartino also denied Plaintiffs' Objection because "Plaintiffs failed to order the transcript of the Discovery Hearing and attach it to the instant Objection." *Id.* at 1-2. Judge Sammartino stated that "[w]ithout Judge

Butcher's ruling, the Court cannot possibly determine whether it 'is clearly erroneous or is contrary to law.'" *Id*. (citing Fed. R. Civ. P. 72(a)). Judge Sammartino allowed Plaintiffs to refile an objection to Judge Butcher's October 29, 2021 discovery ruling, but only after they ordered the transcript from the hearing. ECF No. 164 at 2.

On December 10, 2021, Plaintiffs refiled an Objection to Judge Butcher's October 29, 2021 Discovery Order within seven days of the transcript being prepared per the Court's November 16, 2021 Order. ECF No. 175. Defendant filed a Response in Opposition ("Opposition" or "Oppo."). ECF No. 178. Plaintiffs filed a Reply in Support of the Objection ("Plaintiffs' Reply" at ECF No. 169), and Defendants filed an Objection to Plaintiffs' Reply ("Defendants' Reply" at ECF No. 185).

## PARTIES' ARGUMENTS

Plaintiffs argue that Magistrate Judge Butcher's Order denying Plaintiffs the ability to depose Defendant David Salinas should be overturned because it is erroneous. Objection at 3. Specifically, Plaintiffs argue that the Discovery Order "denies a key deposition to Plaintiffs, and allows Defendants to evade a deposition with an invalid objection." *Id*. Plaintiffs argue that "Defendants should not be rewarded for simply refusing to show up at a noticed deposition." *Id.* at 5. Plaintiffs further argue that they "should not be required to show good cause to 're-open' discovery." *Id*. Plaintiffs argue that they "attempted to initiate this as an ordinary dispute, but the issue became subsumed in a number of other ongoing discovery disputes." *Id.* In sum, Plaintiffs argue that they "are not seeking to reopen discovery" and that they are "only seeking to compel Defendant Salinas to sit for a deposition that was properly noticed within the fact discovery cutoff, and that Salinas simply refused to attend." *Id.* at 6.

Defendants oppose Plaintiffs' Objection and argue that "Plaintiffs failed to follow all the directives of the Court's order, for no hearing date was obtained (and if it were, Defendants were not provided notice of such date), and inexplicably no references were made in their written objection to the transcript or citations to applicable case law." Oppo. at 2.

# LEGAL STANDARD

Under Rule 72(a), a party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. Fed. R. Civ. P. 72(a). District court review of magistrate judge orders on non-dispositive motions is limited. A district judge may reconsider a magistrate judge's ruling on a non-dispositive motion only "where it has been shown that the magistrate [judge]'s order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); *Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). "Under this standard of review, a magistrate [judge]'s order is 'clearly erroneous' if, after considering all of the evidence, the district court is left with the definite and firm conviction that a mistake has been committed, and the order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Yent v. Baca*, 2002 WL 32810316, at *2 (C.D. Cal. 2002).

The threshold of the "clearly erroneous" test is high and significantly deferential. "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Matthews v. Chevron Corp.*, 362 F.3d 1172, 1180 (9th Cir. 2004). In comparison, a magistrate judge's order is contrary to law if the judge applies an incorrect legal standard or fails to consider an element of the applicable standard. *See Hunt v. Nat'l Broadcasting Co.*, 872 F.2d 289, 292 (9th Cir. 1989) (noting that such failures constitute abuse of discretion).

# DISCUSSION

Pursuant to the Federal Rules of Civil Procedure 16(b)(2)-(3), district courts must enter scheduling orders to establish deadlines for, among other things, filing motions completing discovery. "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate

judge." Fed. R. Civ. Proc. 16(b). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). As explained by the Ninth Circuit Court of Appeals:

> Rule 16(b)'s 'good cause' standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification . . . . If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609.

Accordingly, to demonstrate diligence under Rule 16(b)'s good cause standard, the movant may be required to show: 1) she was diligent in assisting the Court in creating a workable Rule 16 order; (2) her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) she was diligent in seeking amendment of the Rule 16 order, once it became apparent she could not comply with the order. *See Anderson v. Fresno County Service System*, 2007 WL 1040974, at *2 (E.D. Cal. Apr. 5, 2007) (citations omitted).

In denying Plaintiffs' request to take Mr. Salinas' deposition, Magistrate Judge Butcher found that he disagreed with Plaintiffs' contention that Mr. Salinas failed to appear. ECF No. 173 at 8:25-9:4. Magistrate Judge Butcher found that based on Defendants' objections and scheduling conflicts to the deposition notice, Plaintiffs decided not to move forward with the deposition. *Id.* Accordingly, Judge Butcher construed Plaintiffs' Motion as a Motion to extend or reopen fact discovery in order for Plaintiffs to take the Salinas deposition. *Id.* at 14:12-17. Plaintiffs fail to explain why this aspect of the Order is erroneous. Instead, Plaintiffs merely restate why they were unable to depose Mr.

Salinas prior to the discovery deadline. This Court agrees with the Magistrate Judge's assessment in construing the motion as one to extend the discovery deadline, and finds the denial was neither erroneous nor contrary to law.

Magistrate Judge Butcher explained in detail that he had already granted the parties three motions to continue the fact discovery deadline. *Id.* at 14:18-15:15. Magistrate Judge Butcher found that Plaintiffs failed to demonstrate that they were diligent in seeking relief from the Court once it became apparent Mr. Salinas would not appear for the deposition. *Id*. It is undisputed that Plaintiffs never filed a non-appearance nor did they send Defendants' counsel or Mr. Salinas a Zoom link for the purported deposition. *Id.* at 7:25-8:24. Accordingly, Judge Butcher found, and this Court agrees, that good cause did not exist to grant an extension of the discovery deadline to take the deposition of Mr. Salinas.

In sum, this Court has reviewed the parties' briefing and the underlying discovery order, and the Court does not have a "definite and firm conviction that a mistake has been committed." *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Matthews v. Chevron Corp.*, 362 F.3d 1172, 1180 (9th Cir. 2004). For the reasons stated herein, Plaintiffs' Objection is overruled.

## **CONCLUSION**

For the reasons discussed above, the Court **OVERRULES** Plaintiffs' Objection to Judge Butcher's Order.

**IT IS SO ORDERED.**

Dated: March 9, 2022

Honorable Linda Lopez
United States District Judge