UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETCONNECT RESCUE, INC., et al.,<br><br>　　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>DAVID SALINAS, et al.,<br><br>　　　　　　　　　　　　　Defendants. | Case No.: 20-cv-00527-LL-DEB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORY NOS. 18–19 TO DEFENDANT SELECT AND 22–23 TO DEFENDANT MOHRFELD**<br><br>**[DKT. NO. 211]** |

## I.　INTRODUCTION

Before the Court is Plaintiff Petconnect Rescue, Inc.'s Motion to Compel Responses to its Interrogatory Nos. 18–19 to Defendant Select Puppies, Inc. and Interrogatory Nos. 22–23 to Defendant Brian Mohrfeld. Dkt. No. 211.[1] Plaintiff also seeks $12,090.00 in attorneys' fees from Defendants pursuant to Federal Rule of Civil Procedure 37. Dkt.

---

[1] The Court took these issues under submission at the March 30, 2022 hearing. Dkt. No. 223.

No. 211-1 at 18.[2] For the reasons set forth below, the Court grants Plaintiff's Motion to Compel but denies Plaintiff's request for attorney's fees.

## II.   BACKGROUND

On October 18, 2021, Plaintiff propounded its first set of interrogatories on Defendants. Dkt. No. 180-2 at 70–92. Plaintiff's interrogatories included the following:

> Interrogatory Nos. 8 to Select and Mohrfeld: For each year since 2018, state the amount of money YOU received for each puppy or other animal YOU sold, transported, or brokered in connection with or under the name or mark "Pet Connect Rescue," or any variation thereof . . . .

> Interrogatory Nos. 9 to Select and Mohrfeld: For each year since 2018, describe in detail all of YOUR expenses incurred in connection with each puppy or other animal YOU sold, transported, or brokered in connection with or under the name or mark "Pet Connect Rescue," or any variation thereof . . . .

Dkt. No. 180-2 at 76, 83 (the "Set One discovery requests").

Defendants responded "none" or "it did not sell dogs using any of the Plaintiff's organizational names" to each interrogatory. Dkt. No. 182 at 8–10, 13–15. Defendants also raised objections. *Id.* These responses and objections were the subject of the Court's February 14, 2022 Order Granting in Part and Denying in Part Plaintiff's Motion to Compel. Dkt. No. 205.

On December 30, 2021, Plaintiff propounded its second set of interrogatories, which include the following:

> **Interrogatory No. 18 to Select**: For each year since 2018, state the amount of money YOU received for each puppy or other animal YOU sold, transported, or brokered, including through any entity owned or controlled by YOU.

---

[2] When referencing page numbers for documents filed with the Court, the Court's citation refers to the page numbers assigned by the Court's CM-ECF system.

> **Interrogatory No. 19 to Select**: For each year since 2018, describe in detail all of YOUR expenses incurred in connection with each puppy or other animal YOU sold, transported, or brokered, including through any entity owned or controlled by YOU.
>
> **Interrogatory No. 22 to Mohrfeld**: For each year since 2018, state the amount of money YOU received for each puppy or other animal for selling, transporting, brokering, or providing any other service, including through any entity owned or controlled by YOU.
>
> **Interrogatory No. 23 to Mohrfeld**: For each year since 2018, state all of YOUR expenses incurred in connection with each puppy or other animal YOU sold, transported, or brokered including through any entity owned or controlled by YOU.

Dkt. No. 211-2 at 38–39, 48–47.

Without responding substantively, Defendants objected to each interrogatory as follows: "[T]his interrogatory is subject to a current motion before the court. Responding party objects to this interrogatory as it is overly broad and violates responding party's rights of privacy." *Id.*[3]

Plaintiff claims "Defendants evaded the Set One discovery requests" by withholding information regarding indirect transactions in California. Dkt. No. 211-1 at 4, 16. Plaintiff argues its broader requests are, therefore, relevant and sufficiently narrow to determine Defendants' "revenue and expenses . . . generated from [their] sales." *Id.* at 16. Defendants

---

[3] Defendants also incorporated objections from their responses to Plaintiff's first set of interrogatories. Because the Court previously overruled these objections in its February 14, 2022 order (Dkt. No. 205) and Defendants do not raise them in their Opposition, the Court does not revisit these objections. Similarly, the Court deems Defendants' privacy objections waived because they were not raised in Defendants' Opposition or during the March 30, 2022 hearing. *Sherwin-Williams Co. v. Earl Scheib of Cal. Inc.*, No. 12-cv-2646-JAH-JMA, 2013 WL 12073836, at *2 n.1 (S.D. Cal. Mar. 4, 2013) (deeming all objections raised in response to the discovery requests but not addressed in the discovery motion to be moot or waived, and limiting its review to arguments in the parties' briefs).

respond that selling puppies to persons who ultimately violate the law does not make Defendants liable for those violations, and, therefore, the requested information is not relevant. *See* Dkt. No. 214 at 10.

On March 30, 2021, the Court held oral argument and took Plaintiff's Motion to Compel responses to these interrogatories under submission. Dkt. No. 223.

### III. LEGAL STANDARD

"[B]road discretion is vested in the trial court to permit or deny discovery . . . ." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (quotation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Even after the 2015 amendments to Rule 26, "discovery relevance remains a broad concept." *Fed. Nat'l Mortg. Ass'n v. SFR Invs. Pool 1, LLC*, No. 14-cv-02046-JAD-PAL, 2016 WL 778368, at *2 n.16 (D. Nev. Feb. 25, 2016); *see also Odyssey Wireless, Inc. v. Samsung Elecs. Co., Ltd*, No. 15-cv-01735-H-RBB, 2016 WL 7665898, at *2 (S.D. Cal. Sept. 20, 2016) ("Relevance is construed broadly to include any matter that bears on, or reasonably could lead to other matters that could bear on, any issue that may be in the case.") (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350–51 (1978)).

The party seeking to compel discovery has the burden of establishing relevance. *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). "Once the propounding party establishes that the request seeks relevant and proportional information, '[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.'" *Cancino Castellar v. McAleenan*, No. 17-cv-491-BAS-AHG, 2020 WL 1332485, at *4 (S.D. Cal. Mar. 23, 2020) (quoting *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009)).[4]

---

[4] *See also Finjan, LLC v. ESET, LLC*, No. 17-cv-183-CAB-BGS, 2021 WL 1541651, at *4 (S.D. Cal. Apr. 20, 2021) ("When a dispute implicates proportionality, the party claiming undue burden has an obligation to explain what is burdensome about complying with the

## IV. DISCUSSION

Plaintiff asserts Select and Mohrfeld "evaded" Plaintiff's Set One discovery requests by answering "none" in response to its requests for financial information related to "Pet Connect Rescue" puppies. Dkt. No. 211-3 at 5. Plaintiff then propounded the interrogatories at issue here, which remove the "Pet Connect Rescue" limitation. Plaintiff asserts this financial information is necessary and relevant "to determine how much . . . Defendants profited from illicit use of Plaintiff's trademark." *Id.* at 10, 13. Supporting this argument, Plaintiff has submitted evidence that acquisition and disposition reports of a non-party company Tiffanies show Select provided "several thousand" puppies to stores in California. Dkt. No. 211-2 at 2; *see also* Dkt. No. 180-2 at 9. Plaintiff further submitted deposition testimony evincing Select received compensation for transporting puppies labeled "Pet Connect Rescue." Dkt. No. 211-1 at 4; *see also* Dkt. No. 180-2 at 6.

Defendants argue their financial information is not relevant because Plaintiff "fails to attribute any wrongful conduct to" Select and Mohrfeld, and they in fact "have not been a part of any illicit use of Plaintiffs' trademark." Dkt. No. 214 at 9. Defendants also argue the interrogatories are overbroad because they seek information about "*all* puppies sold, transported, or provided to stores anywhere in the country or to any unnamed defendants" despite it being "perfectly legal to be a dog breeder or broker in the jurisdictions in which [Defendants] operate." *Id.* at 8, 10.

The Court finds the interrogatories at issue seeks relevant information. Plaintiff's Second Amended Complaint ("SAC") alleges that through a "puppy laundering scheme," Defendants "ship[ ] in truckloads of designer breed, two-month old puppies from puppy

---

request and the party claiming it is important enough to require a response must explain why it is important."); *Gersh v. Anglin*, No. 17-cv-50-M-DLC-JCL, 2019 WL 265800, at *1 (D. Mont. Jan. 18, 2019) ("While the moving party has the burden of showing that the discovery sought is relevant, the parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes.") (quotation omitted).

5

mills in Iowa and Missouri, and sell[ ] them for thousands of dollars each in pet stores with third-party financing designed to facilitate impulse buys." Dkt. No. 93 at 3, 8. Plaintiff alleges Defendants sell these puppies mislabeled as rescues from "Pet Connect Rescue." *Id.* at 7.

Although Defendants argue "Plaintiffs have no evidence" Defendants are responsible for where the puppies ultimately end up, Plaintiff does not have to prove its case to obtain discovery. *Fosbre v. Las Vegas Sands Corp.*, No. 10-cv-00765-APG-GWF, 2016 WL 54202, at *5 (D. Nev. Jan. 5, 2016) ("[T]o obtain [certain] discovery, . . . Plaintiffs are not required to prove, and the Court is not required to find, that their claims are valid. That is a matter to be determined based on admissible evidence presented at trial or on motion for summary judgment."); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) ("A complaint guides the parties' discovery…."). Defendants' denial of liability is not a basis to deny discovery. *See Hard Drive Prods., Inc. v. Does 1-118*, No. 11-cv-01567-LB, 2011 WL 5416193, at *4 (N.D. Cal. Nov. 8, 2011) (rejecting defendant's argument that the discovery sought "will not establish that any particular person committed copyright infringement" because "[a] general denial of liability . . . is not a basis for quashing the plaintiff's subpoenas") (quotation omitted).

The Court also overrules Defendants' overbreadth objections. Although the interrogatories at issue are broad (seeking, for example, financial information relating to "each puppy or other animal YOU sold"), the Court evaluates the interrogatories in the context of Plaintiff's prior unsuccessful attempts to obtain this information. In response to narrower interrogatories seeking financial information limited to "Pet Connect Rescue, or any variation thereof," Select and Mohrfeld responded "none" and "it did not sell dogs using any of the Plaintiff's organizational names." Dkt. No. 182 at 8–10, 14–15. Thus, Plaintiff's efforts to obtain this discovery through narrower interrogatories were unsuccessful, leaving Plaintiff with no choice but to propound the broader interrogatories at issue here. *See* Dkt. No. 211-1 at 5.

Defendants also have not substantiated their overbreadth objections. Defendants have submitted no evidence (through declaration or otherwise) regarding the volume of responsive information or even explained how Plaintiffs could obtain the information it seeks through narrower requests (which, as discussed, Plaintiff has already attempted without success). The Court, therefore, overrules Defendants' unsupported overbreadth objections. *See Halsey v. Croskrey*, No. 20-cv-00371-SMJ, 2021 WL 6139659, at *4 (E.D. Wash. Oct. 4, 2021) ("The Court . . . declines to sustain Defendants' objections when they simply assert boilerplate objections with no supporting details or evidentiary declarations.").

In sum, the Court finds Plaintiff's interrogatories seek information relevant to the case and overrules Defendants' objections to these interrogatories.

## V.   ATTORNEY'S FEES

Plaintiff requests the Court award it $12,090.00 in attorneys' fees incurred in bringing its Motion to Compel. Dkt. No. 211-1 at 18. If a motion to compel discovery is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). The Court, however, declines to award attorney's fees here. This Order arises out of a larger Motion, which involved numerous other discovery disputes. The Court orally ruled on the other disputes at the March 30, 2022 hearing. Dkt. No. 223. The Court ruled for Plaintiff on some disputes and for Defendants on others. *Id.* Under these circumstances, where Plaintiff's Motion is granted in part and denied in part, the Court declines to apportion attorney's fees. *See Williams v. County of San Diego*, No. 17-cv-00815-MMA-JLB, 2019 WL 2330227, at *11 (S.D. Cal. May 31, 2019) (court declined to apportion reasonable expenses because motion to compel granted and denied in part).

## VI.   CONCLUSION

Based on the foregoing, the Court GRANTS Plaintiff's Motion to Compel Responses to its Interrogatory Nos. 18–19 to Defendant Select Puppies, Inc. and 22–23 to

Defendant Brian Mohrfeld and DENIES Plaintiff's request for sanctions. Dkt. No. 211. On or before **May 17, 2022**, Defendants must provide responsive or supplemental information.

**IT IS SO ORDERED**.

Dated: May 3, 2022

_____
Honorable Daniel E. Butcher
United States Magistrate Judge