# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETCONNECT RESCUE, INC., a Maryland corporation; LUCKY PUP DOG RESCUE.COM, a California corporation, and SARAH GONZALEZ, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID SALINAS, an individual, et al.,<br><br>Defendants | Case No.: 20cv527-LL-DEB<br><br>**ORDER DENYING EX PARTE APPLICATION FOR BRIEFING SCHEDULE ON CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>[ECF No. 232] |

Presently before the Court is Plaintiffs' Ex Parte Application for a Briefing Schedule on Cross-Motion for Summary Judgment ("Motion"). ECF No. 232. Defendants Brian Mohrfield and Select Puppies, Inc. filed an Opposition to Plaintiffs' Ex Parte Application on May 3, 2022. ECF No. 235. Defendants Pet Connect Rescue, Inc., Ray Rothman, David Salinas, Yellow Store Enterprises, LLC also filed an Opposition to Plaintiffs' Ex Parte Application. ECF No. 236.

In the Motion, Plaintiffs request that their deadline to file any opposition or cross-

motion for summary judgment "to be set 30 days after all outstanding discovery ordered by the Court is obtained, or the Court rules that no further discovery should be compelled, whichever comes later." *Id.* at 2. Plaintiffs state that "Defendants filed their summary judgment motions on April 22, 2022, with a hearing date of May 27, 2022, making oppositions due May 13, 2022." *Id*. at 3. Plaintiffs argue that "[t]hus, this ex parte application is being filed 'well in advance of the due date' pursuant to chamber rules.'" *Id.*

Fact discovery in this case closed on October 1, 2021 as to all Defendants except for the newly appearing Defendants Select Puppies, Inc., and Brian Mohrfeld. ECF Nos. 133, 141. Fact discovery was reopened until February 1, 2022 for claims and defenses pertaining to Defendant Select Puppies, Inc. and Defendant Mohrfield only. ECF No. 141 at 2. The deadline for pretrial motions already passed on April 22, 2022. ECF No. 141.

Ordinarily, Federal Rule of Civil Procedure 16(b)(4)'s good cause standard governs the modification of a Rule 16 scheduling order, which includes the deadline for filing pretrial motions. This good-cause standard comports with Federal Rule of Civil Procedure 6(b)(1), which provides: "When an act may or must be done within a specified time, the court may, for good cause, extend time…." Rule 6, however, provides more specificity regarding the timing of a request to extend a deadline. Rule 6 provides that, if a motion to extend is made after a deadline has expired, the motion to extend may only be granted "if a party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B). Thus, if a party wishes to seek leave to file pretrial motions after the deadline to do so has passed, the party must demonstrate both good cause for modifying the scheduling order, in addition to demonstrating excusable neglect for having missed the deadline. *See e.g., Yeoman v. Ikea U.S.A. West, Inc.*, 2013 WL 3467410 at *4 (S.D. Cal. July 10, 2013) (applying Rules 6 and 16 to motion for leave to extend discovery deadlines after deadlines passed); *see also Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993) (establishing a four-part balancing test to determine whether there has been "excusable neglect").

Here, Plaintiffs argue in an ex parte motion filed ten days after the deadline to file

pretrial motions that they are entitled to an open-ended deadline to file their cross-motions and any opposition to Defendants' motions for summary judgment. Plaintiffs fail to support their Motion with an affidavit or declaration as required by the undersigned Judge's Chambers Rules and Civil Local Rule 83.3(g). Having considered the parties' submissions, the record in this matter, and the applicable law, the Court finds that Plaintiffs have failed to show excusable neglect. The Motion is therefore **DENIED**.

    **IT IS SO ORDERED.**

Dated: May 10, 2022

Honorable Linda Lopez
United States District Judge