UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETCONNECT RESCUE, INC.<br><br>                              Plaintiff,<br><br>v.<br><br>SALINAS, *et al.*<br><br>                              Defendants, | Case No.:  20-cv-0527-RSH-DEB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL POST-JUDGMENT DISCOVERY**<br><br><br>**[DKT. NO. 440]** |

## I.    INTRODUCTION

Before the Court is Plaintiff PetConnect Rescue, Inc.'s Motion to Compel Post-Judgment Discovery ("Motion"). Dkt. No. 440. Counsel for Defendants Ray and Alysia Rothman ("the Rothmans") filed a "Special Appearance" to oppose the Motion. Dkt. No. 444. Replies and Sur-Replies were filed. Dkt. Nos. 445, 446.

For the reasons discussed below, the Court **GRANTS** PetConnect's Motion.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Following a jury trial, the Court entered a $3.5 million judgment for which the Rothmans and one co-defendant are jointly and severally liable. Dkt. No. 408. PetConnect then served the Rothmans with post-judgment financial discovery. Dkt. No. 440-1 at 1–65. The Rothmans, through counsel, responded with identical objections to every request. *Id.* at 67–465. PetConnect now moves to compel responses.

### III.    LEGAL STANDARD

"In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). "Generally, the scope of post-judgment discovery is broad." *Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, No. C 06-3219-JW-RS, 2009 WL 5114077, at *1 (N.D. Cal. Dec. 18, 2009). "[T]he judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor." *1ST Tech., LLC v. Rational Enters. Ltda*, No. 2:06-cv-01110-RLH-GWF, 2007 WL 5596692, at *4 (D. Nev. Nov. 13, 2007) (citation omitted); *see also Textron Fin. Corp. v. Gallegos*, No. 15-cv-1678-LAB-DHB, 2016 WL 4077505, at *3 (S.D. Cal. Aug. 1, 2016) ("Even though Rule 69 discovery may resemble the proverbial fishing expedition, a judgment creditor is *entitled* to fish for assets of the judgment debtor.") (citation omitted).

Where a party fails to respond to discovery, the requesting party may move to compel a response under Rule 37(a). "Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance." *Nguyen v. Lotus by Johnny Dung Inc.*, No. 8:17-cv-01317-JVS-JDE, 2019 WL 3064479, at *2 (C.D. Cal. June 5, 2019) (citation omitted). "Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Garces v. Pickett*, No. 2:17-cv-0319-JAM-AC-P, 2021 WL 978540, at *2 (E.D. Cal. Mar. 16, 2021). "The opposing party is required to carry a heavy burden of showing why discovery was denied." *Id.* (citation omitted).

### IV.    DISCUSSION

PetConnect served the post-judgment discovery at issue on the Rothmans' counsel. Dkt. No. 440-1 at 25, 37, 49, 65. The Rothmans contend service on counsel was ineffective because personal service on them was required. Dkt. No. 444 at 3–8. The Rothmans also object to the form of the discovery requests. The Court finds service on counsel was proper and overrules the Rothmans' objections as to form.

### A.      *Service on the Rothmans' Counsel was Effective*

The Rothmans argue Rule 69(a) requires application of California law, which they further contend requires personal service on the judgment debtor. Dkt. No. 444 at 4–8. The Rothmans misread Rule 69(a).

PetConnect, as the judgment creditor seeking discovery, may proceed under either federal or state rules. Fed. R. Civ. P. 69(a)(2) (permitting "the judgment creditor . . . [to] obtain discovery from any person . . . as provided in these [federal] rules or by the procedure of the state where the court is located."); *see also U.S. v. Durnell*, No. 5:19-cv-01555-CAS, 2020 WL 13132897, at *1 (C.D. Cal. June 3, 2020) ("A judgment creditor proceeding under Rule 69(a) may utilize either state practice or the Federal Rules") (quoting *El Salto, S.A. v. PSG Co.*, 444 F.2d 477, 484 n.3 (9th Cir. 1971)); *Steenwyk v. Steenwyk*, No. 2:20-cv-02375-FLA-AJR, 2025 WL 3089968, at *2, 4 (C.D. Cal. Nov. 5, 2025) ("Rule 69(a)(2) expressly permits [serving post-judgment discovery in compliance with the federal rules] regardless of the applicable procedures for execution of the judgment under state law.").

Here, PetConnect elected to proceed under the Federal Rules. Dkt. No. 440 at 4. PetConnect's service on the Rothmans' counsel, therefore, was proper. Fed. R. Civ. P. 5(b)(1) ("If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.").

The record reflects counsel's representation of the Rothmans continued post-judgment, including when PetConnect served its post-judgment discovery. Following entry of judgment, the Rothmans' counsel continued to file and lodge documents, appear at conferences and hearings, negotiate with PetConnect's counsel via email, and respond to the discovery at issue here.[1] Counsel did not move to withdraw. The representation,

---

[1] After final judgment entered, the Rothmans' counsel negotiated with opposing counsel regarding transcript redactions (*see* Dkt. No. 419 at 4) and filed an opposition to PetConnect's motion regarding the same (Dkt. No. 420). After PetConnect served its post-judgment discovery, the Rothmans' counsel drafted and served responses (Dkt. No. 440-1

20-cv-0527-RSH-DEB

therefore, continued. *See* CivLR 83.3(f)(2) ("When an attorney of record . . . ceases to act for a party, such party must appear in person or appoint another attorney . . . . Until such substitution is approved by the Court, the authority of the attorney of record will continue[.]"); *see also Wordtech Sys., Inc. v. Integrated Network Sols., Inc.,* No. CIV S-04-1971-MCE-EFB, 2009 WL 3126409, at *2 (E.D. Cal. Sep. 24, 2009) ("Because [the attorney who was served with post-judgment discovery] was attorney of record for [the judgment debtor] at the time the discovery was served on him, such service was proper and effective as to the defendant."); *Netlist, Inc. v. SK Hynix Inc.*, 8:16-cv-01605-JLS-JCGx, 2016 WL 8905079, at *5 (C.D. Cal. Dec. 5, 2016) (finding counsel's conduct "belie[d] its present contention that its relationship with [the client] terminated").[2]

In sum, PetConnect's service of post-judgment discovery on the Rothmans' counsel of record was effective under Rules 69(a) and 5(b)(1). *In re PersonalWeb Techs., LLC, et al. Pat. Lit.*, No. 18-md-2834-BLF, 2021 WL 3048455, at *3–4 (N.D. Cal. July 20, 2021) (approving service upon counsel, despite counsel's claim "it d[id] not represent [the client] on post-judgment matters," because counsel was attorney of record at the time of service); *Wordtech Sys.*, 2009 WL 3126409, at *2 (granting motion to compel responses to post-judgment discovery because it was properly served on the party's attorney of record). The Court, therefore, rejects the Rothmans' argument that PetConnect did not properly serve its post-judgment discovery.

//

//

at 67–465), met and conferred with PetConnect's counsel (Dkt. No. 444-1 at 9; Dkt. No. 425-1 at 1–5), filed a Memorandum of Facts and Contentions regarding the discovery and described the Rothmans as "his clients" (Dkt. No. 425 at 5:7–12), lodged confidential letter briefs, attended a Discovery Conference with the Court (*see* Dkt. Nos. 437, 439), and filed a sur-reply to the instant motion (Dkt. Nos. 439, 446).

[2] Counsel's "special appearance" to oppose this Motion is pointless because his general appearance for the Rothmans remained. *See also* CivLR 83.3(f)(4) (prohibiting special appearances absent "permission of the Court.").

B.      *The Rothmans' Objections to the Form of The Discovery Lack Merit*

PetConnect's post-judgment discovery seeks information about the Rothmans' current assets and liabilities. *See, e.g.*, Dkt. No. 440-1 at 18–65. The Rothmans responded to these requests with identical, boilerplate objections that the requests are vague, overbroad, and seek privileged information. Dkt. No. 440-1 at 67–464.

These "unexplained and unsupported boilerplate objections are improper." *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 379 (C.D. Cal. 2009). The Rothmans' discovery responses fail to clarify, explain, or support their objections. The objections, therefore, are "inadequate and tantamount to not making any objection at all." *Herrera v. AllianceOne Receivable Mgmt., Inc.*, No. 14-cv-1844-BTM-WVG, 2016 WL 1182751, at *3 (S.D. Cal. Mar. 28, 2016) (quoting *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999)). The Rothmans' opposition to this Motion also fails to explain these objections, constituting a further waiver. *See Warrilow v. Qualcomm, Inc.*, No. 02-cv-0360-DMS-JMA, 2004 WL 7341339, at *3 (S.D. Cal. Jan. 20, 2004) (finding the responding party's "failure to raise [its discovery objections] in opposition" to the motion to compel "constitutes a waiver of these arguments.").

The Court has reviewed PetConnect's post-judgment discovery requests and finds they seek relevant information. PetConnect's requests for production seek, among other things, bank statements, deposit slips, stock investments, sales of assets, tax returns (for 2022–24), and Forms 1099 (for 2022–24). *See, e.g.,* Dkt. No. 440-1 at 18–25. PetConnect's interrogatories seek information about business ownerships and interests, payments to attorneys, safety deposit box ownership, financial assets and liabilities, real property, and stock dividends. *Id.* at 27–37. These are proper subjects for post-judgment discovery. *See Mission Cap. Works, Inc. v. SC Rests., Inc.*, No. 09-cv-1623-WQH-JMA, 2009 WL 4895315, at *2 (S.D. Cal. Dec. 10, 2009) (compelling responses to post-judgment discovery because the discovery was "related to [the creditor's] efforts to trace the defendants' assets and otherwise enforce its judgment"); *A&F Bahamas, LLC v. World Venture Group, Inc.*, No. 17-cv-8523-VAP-SS, 2018 WL 5961297, at *8 (C.D. Cal. Oct.

20-cv-0527-RSH-DEB

19, 2018) (compelling post-judgment production of tax returns despite assertion of privacy rights). The Court, therefore, **OVERRULES** the Rothmans' objections.

## V.    SANCTIONS

PetConnect requests the Court award $8,337.50 in attorney's fees incurred in preparing this Motion. Dkt. No. 440 at 4–5. The Rothmans claim their position was substantially justified and awarding fees would be unjust. Dkt. No. 444 at 10. The Court finds the Rothmans' objections to the discovery are not substantially justified and an award of fees is not unjust.

When a Court grants a motion to compel, it "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Court, however, "must not order this payment" if: (1) the moving party file the motion without first "attempting in good faith to obtain the disclosure of discovery without court action"; (2) the responses or objections are "substantially justified"; or (3) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii). None of these circumstances are present here.

PetConnect met and conferred with the Rothmans prior to filing this Motion. Dkt. No. 425-1 at 1–5 (email exchanges); Dkt. 440-1 at 2 (verification of meet and confer).

A party's position is "substantially justified" if "reasonable people could differ on the matter in dispute." *Blair v. CBE Grp., Inc.*, No. 13-cv-0134-MMA-WVG, 2014 WL 4658731, at *1 (S.D. Cal. Sep. 17, 2014). For the reasons discussed above, the Rothmans' refusal to respond to the discovery was not substantially justified. Their argument about service on counsel is contrary to the plain language of Rule 69, and their boilerplate objections are improper and lack substantive merit. *See Gopher Media, LLC v. Spain*, No. 19-cv-2280-CAB-KSC, 2020 WL 6449193, at *2–3 (S.D. Cal. Nov. 3, 2020) (finding a party's "discovery position was not justified," because "its objections lacked merit," its responses were "improper" and "evasive," and its opposition "devoid of any further defense of its position . . . .").

The Rothmans do not describe any circumstances that make an award of reasonable attorney's fees unjust, and the Court finds none exist.

The Court, therefore, awards PetConnect its "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

Reasonable attorney's fees are determined by applying the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110 (9th Cir. 2014). Under the lodestar method, a reasonable fee is determined by multiplying an attorney's reasonable hourly rate by the number of hours reasonably expended on the litigation. *Id.* (citing *Hensley*, 461 U.S. at 433). The district court has discretion to determine what fees are reasonable and the authority to adjust the lodestar amount. *Id.* (citing *Hensley*, 461 U.S. at 433–34).

PetConnect's counsel has submitted a declaration seeking to recover $8,337.50 in attorney's fees. Dkt. No. 440-1 at 2–4. This is based on 11.5 hours billed at $725 per hour. *Id.* at 4.

The Court has reviewed PetConnect's counsel's submission and reduces the hourly rate. Counsel began billing time in December 2024, yet his declaration states "in 2023 and 2024, courts have applied a $650 per hour rate to my billable hours . . . ." *Id.* The Court finds a $650 hourly fee is reasonable and will calculate the fee award at that rate.

The Court also reduces the number of recoverable hours. PetConnect's counsel estimated "another 4.0 hours reviewing and analyzing [the Rothmans'] opposition, drafting a reply, and appearing at the hearing to argue, for a total of 11.5 billable hours." Dkt. No. 440-1 at 3. This estimate, however, is not documented by time sheets or any other business record, and the Court did not hold a hearing. Further, PetConnect's reply brief was only one page long, without exhibits or citations to caselaw. The Court, therefore, disallows the estimated 4.0 hours. *See Amazon Content Servs. LLC v. DeBarr*, 793 F.Supp.3d 1242, 1257 (C.D. Cal. 2025) (rejecting request for attorney's fees for lack of "any evidentiary support for [the] request.").

20-cv-0527-RSH-DEB

In sum, the Court allows recovery of 7.5 hours at a rate of $650 per hour (4.1 hours in 2024, and 3.4 hours in 2025) on tasks related to this Motion. Accordingly, the Court awards $4,875.

The Court awards these fees jointly and severally against the Rothmans and their counsel. Counsel is responsible for making arguments contrary to the plain language of Rule 69(a) and asserting meritless, boilerplate objections to the discovery at issue. The Rothmans also bear responsibility because they affirmatively attempted to frustrate PetConnect's ability to obtain post-judgment discovery by sending emails directly to PetConnect's counsel denying their attorney's continuing representation. *See* Dkt. No. 444-1 at 5, 7 (Rothmans' Oct. 2025 e-mails to PetConnect's counsel).

## VI.    CONCLUSION

The Court **GRANTS** PetConnect's Motion to Compel Post-Judgment Discovery. The Rothmans must serve certified and verified responses to the discovery at issue no later than May 4, 2026.

The Court also **ORDERS** the Rothmans and their counsel, Joseph M. Aliberti, to reimburse PetConnect **$4,875** for attorney's fees incurred litigating this motion. Payment must be made to PetConnect's counsel within thirty days of this Order.

**IT IS SO ORDERED.**

Dated: April 20, 2026

_____
Honorable Daniel E. Butcher
United States Magistrate Judge

20-cv-0527-RSH-DEB